**Albert TKAC, Plaintiff,**

v.

**VETERANS ADMINISTRATION Administrator, Robert P. Nimmo, Defendant.**

**No. K84–353 CA.**

United States District Court, W.D. Michigan, S.D.

June 20, 1985.

Dennis S. McCune, DeVries, McCune & Miller, Kalamazoo, Mich., for plaintiff.

Anne VanderMale Tuuk, Asst. U.S. Atty., Grand Rapids, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Albert Tkac began work at the Veterans Administration Medical Center in Battle Creek in 1972 as a boiler plan operator. He developed a work-related hearing impairment and discontinued his employment on April 9, 1975. He received Workers Compensation for three years, until March 1, 1978. On December 4, 1978, Mr. Tkac accepted a temporary position as housekeeping aide, and he returned to his position as boiler plant operator on January 14, 1979.

Subsequent to the termination of his Workers Compensation benefits, Mr. Tkac was placed on "Leave Without Pay" status. It appears from the record that an employee may remain on Leave Without Pay status for six months without affecting his or her employee benefits. Mr. Tkac was on Leave Without Pay for nine months and three days, resulting in his service computation date being "charged and reduced" by three months and three days. This action resulted in a loss of benefits.

Mr. Tkac alleges that he made numerous efforts to return to work between March 2, 1978 and December 3, 1978 (complaint ¶ 36), but the Veterans Administration refused to give him priority consideration. He contends that had he been given such consideration, he would have been selected prior to the time his benefits were affected. Mr. Tkac further contends that the failure by the VA to reemploy him during this period was motivated by impermissible handicap discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, and age discrimination, in

violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*

On June 1, 1981, Mr. Tkac filed a complaint with the Equal Employment Opportunity Officer at the Veterans Administration, Neal Lawson. By letter dated July 26, 1982, Mr. Lawson notified Mr. Tkac that he would not process the complaint. Mr. Lawson found that the alleged discriminatory conduct occurred "between April, 1975 and December, 1978" [1] the time within which Mr. Tkac was refused priority consideration. Mr. Lawson rejected Mr. Tkac's contention that the discriminatory act occurred on January 30, 1981 when the VA notified Mr. Tkac that his service computation date was shortened by three months. Finding that public employees are required to submit EEO complaints within thirty days of the "matter causing [them] to believe [they] had been discriminated against," Mr. Lawson denied the complaint.

On August 20, 1982, Mr. Tkac appealed to the Equal Employment Opportunity Commission. The Commission upheld Mr. Lawson's findings, and issued a Notice of Right to Sue letter on May 12, 1983. The EEOC concurred in the determination that the discriminatory act occurred between March, 1978 and December, 1978, and that Mr. Tkac should have been aware of any discrimination during that period. This civil action was filed on November 9, 1983.

This matter is now before the Court pursuant to a motion to dismiss filed by the Government. The Government contends that it is entitled to dismissal on two bases. First, the Government argues that the procedural prerequisites of Title VII apply to both of Mr. Tkac's claims. Therefore, the claims should be dismissed because Mr. Tkac failed to bring his civil suit within thirty days of the issuance of the Notice of Right to Sue letter. Alternatively, the Government argues that Mr. Tkac's claims are barred because he failed to bring them

to the attention of the EEO counselor within thirty days of their occurrence. Upon a thorough review of the briefs of the parties, the authority cited there, and upon the Court's own research, the Court is of the opinion that Mr. Tkac's claims under the Rehabilitation Act of 1973 and the Age Discrimination in Employment Act should be dismissed.

## DISCUSSION

a) The Handicap Discrimination Claim.

■ The Court finds that Mr. Tkac's claim under the Rehabilitation Act of 1973 is barred and must be dismissed. Several procedural prerequisites set forth in Title VII are incorporated into the Act. Specifically, a 1978 amendment incorporates the requirement that a civil action be brought within ninety days of the right to sue notice.[2]

The relevant section in the Rehabilitation Act provides:

> The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000e–16], including the application of sections 706(f) through 706(k) [42 U.S.C.A. § 2000e–5(f) through (k)], shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint.

29 U.S.C. § 794a(a)(1) (1979 ed. Supp. III). This section expressly incorporates 42 U.S.C. § 2000e–5(f) which requires that, civil actions are filed within ninety days of the E.E.O.C.'s issuance of Notice of Right to Sue. *Shirey v. Devine,* 670 F.2d 1188 (D.C.Cir.1982). Accordingly, the ninety day period within which civil actions must be filed clearly applies to suits filed under

---

1. Based on a review of the entire record, it appears that Mr. Lawson was referring to the time period between April, 1978 and December, 1978.

2. The Government mistakenly contends that Title VII provides for thirty days. However, 42 U.S.C. § 2000e–5(f) requires that a civil complaint be filed within ninety days of the issuance of Notice of Right to Sue.

the Rehabilitation Act of 1973 which allege employment discrimination.

Mr. Tkac does not dispute the applicability of the ninety day provision. His position is that his failure to comply does not divest the Court of subject matter jurisdiction. In this regard, Mr. Tkac relies on *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) for the proposition the filing time requirements in Title VII are not jurisdictional prerequisites.

Although the Court in *Zipes* did hold that the filing requirements in Title VII are not jurisdictional prerequisites, it did not hold that *all* failures to comply are excused. Rather, the Court ruled that, like statutes of limitations, the filing time requirements in Title VII are subject to equitable considerations, such as waiver, estoppel and tolling. *Zipes*, 102 S.Ct. at 1132.

■ In this case, the ninety-day limit in 42 U.S.C. § 2000e–5(f) was not satisfied. The Notice of Right to Sue was issued on May 12, 1983. This civil suit was filed on November 9, 1983, almost six months later. Although the filing time requirement is not jurisdictional, a plaintiff seeking to be excused from it must present a showing that he is entitled to equity. Mr. Tkac has offered no such showing. Therefore, the Court is constrained to find that Mr. Tkac's claim of handicap discrimination is barred by his failure to comply with the ninety day requirement.[3]

b) Age Discrimination Claim.

(i) There is no requirement that ADEA plaintiffs file E.E.O.C. charge prior to suit.

Contrary to the Government's assertion, there is no requirement that aggrieved parties file an E.E.O.C. charge prior to bringing suit in federal court under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* The ADEA statute

contains procedural prerequisites which, unlike the Rehabilitation Act, make no reference to Title VII. The Court notes that the ADEA provisions which address public employment contain procedural prerequisites which appear to apply independently of those addressing employment in the private sector.

■ Government employees have two options when presenting claims of age discrimination in employment. They may forego administrative action before the E.E.O.C. and file suit in district court, after giving the E.E.O.C. thirty day's notice of intent to sue. 29 U.S.C. § 633a(d). Alternatively, they may file a complaint with the E.E.O.C. and, should they be dissatisfied with the E.E.O.C. disposition, they may commence suit in the district court. § 633a(b), (e). *Purtill v. Harris*, 658 F.2d 134, 138 (3rd Cir.1981); *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981).

■ Unlike Title VII, the ADEA does not require that the civil suit be filed within a stated time after termination of E.E.O.C. proceedings. The Government argues for the adoption of the thirty-day period in Title VII.[4] However, the Government has not presented any showing that this was the intention of the legislature. Moreover, the courts have noted the differences in the Title VII and ADEA statutory schemes and have refused to adopt Title VII procedures where ADEA is silent. *See Kennedy v. Whitehurst*, 690 F.2d 951, 964 (D.C.Cir. 1982) (refusing to adopt provision for counsel fees); *see also Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (ruling that the remedial structure of public employment ADEA provisions are self-contained and unaffected even by ADEA private sector provisions).

(ii) ADEA plaintiffs in the public sector must notify their EEO Counselor within thirty days of the discriminatory act.

---

3. Having disposed of plaintiff's handicap discrimination claim on this ground, the Court need not consider whether Mr. Tkac was required to inform his EEO counselor of his com-

plaint within thirty days of the alleged discriminatory conduct.

4. The time period in Title VII is ninety days. 42 U.S.C. § 2000e–5(f).

 Though ADEA plaintiffs in the public sector are not required to initially complain to the E.E.O.C., the regulations promulgated under ADEA require that they do initially complain to the Equal Employment Opportunity Counselor within their governmental agency.

Several Title VII internal agency regulations which address public employment are made applicable to plaintiffs alleging claims under the Age Discrimination in Employment Act. Specifically, 29 C.F.R. § 1613.511 incorporates agency regulations which relate to processing complaints alleging the types of discrimination proscribed by Title VII.[5] One of those regulations incorporated requires aggrieved parties to notify their Equal Employment Opportunity Counselor of the matter within thirty days of the alleged discriminatory act. Section 1613.214 provides in relevant part:

> (a) Time Limits. (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. *The agency may accept the complaint for processing in accordance with this subpart only if:*
>
> *The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter,* or, if a personnel action, within 30 calendar days of its effective date; ...

29 C.F.R. § 1613.214 (emphasis added).

 Here, plaintiff has failed to comply with the thirty-day notification requirement. Furthermore, plaintiff has failed to present any showing as to why he should be excused from this requirement. The governmental agencies are authorized to grant extensions of time upon satisfactory showings under 29 C.F.R. § 1613.214(a)(4).

In the present case Mr. Tkac did not notify his EEO Counselor until June 1, 1981 of alleged discriminatory acts which occurred in 1978. Even if this Court were to accept Mr. Tkac's contention that the discriminatory acts occurred January 30, 1981, his EEO complaint would still be untimely.

Therefore, the Court is constrained to dismiss plaintiff's ADEA claim.

## CONCLUSION

In accordance with the discussion above, the Court concludes that plaintiff's claims under the Rehabilitation Act of 1973 and the Age Discrimination in Employment Act must be dismissed.

---

5. The Government argues that this Court should incorporate the procedural prerequisites of Title VII which apply to public employees based on the Supreme Court's decision *Brown v. G.S.A.,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The *Brown* case holds that Title VII provides an exclusive judicial remedy for employment discrimination of the types proscribed by Title VII. However, the ADEA regulations *themselves* incorporate the procedural section at issue here, so the applicability of *Brown* is inconsequential.