The **LAREDO ROAD CO.**, Plaintiff,

v.

**MAVERICK COUNTY, TEXAS** Defendant.

No. CIV. DR–05–18–AML.

United States District Court, W.D. Texas, Del Rio Division.

July 25, 2005.

---

Gerald E. Hopkins, Langtry, TX, for Plaintiff.

Portia Fleck Bosse, Allison, Bass & Associates L.L.P., Austin, TX, for Defendant.

## ORDER

LUDLUM, District Judge.

Pending before the Court in the above-styled and numbered cause is the Defendant's "Motion To Dismiss." The Defendant does not specify as to which portion of FED. R. CIV. P. 12(b) it is bringing its motion under, thus leaving the Court to construe that it is brought under Rule 12(b)(1) and Rule 12(b)(6). The Court is supported in its inference by the Defendant's citing of *Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), and its argument that the Plaintiff's amortization claim is not ripe for consideration because the Plaintiff has not exhausted available state procedures. (*See* Def. Mot. To Dismiss at 2 (Docket Entry # 40.)) Additionally, the Defendant argues that if the Court were to reach to the merits of the Plaintiff's claims, the Defendant's Order meets all constitutional standards. (*See Id.* at 3.)

■ In evaluating a FED. R. CIV. P. 12(b)(1) motion, the Fifth Circuit has stated:

> if the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands. If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.

*Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981). In the instant case, we have a "facial attack" upon the Court's subject matter jurisdiction and "review is limited to whether the complaint is sufficient to allege the jurisdiction." *Id.* The exhibit attached by the Defendant of the justice of the peace order dismissing two cases for want of jurisdiction in the prosecution of a state crime does not rise to the level of a "factual attack" on the Court's jurisdiction and is not relevant to the De-

fendant's motion to dismiss. (*See* Def. Mot. To Dismiss Exhibit A (Docket Entry # 40.))

■ A review of the Plaintiff's complaint shows that it is sufficient to allege jurisdiction in the instant case and to survive the Defendant's "facial attack" of this Court's jurisdiction. In *Williamson County,* the Supreme Court explained that "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson,* 473 U.S. at 194, 105 S.Ct. 3108. "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation ... until it has used the procedure and been denied just compensation." *Id.* at 195, 105 S.Ct. 3108. The Plaintiff, however, specifically attacks the Defendant's Order for not providing an amortization provision or a system or method for the Plaintiff to address its Fifth and Fourteenth Amendments' "taking" claim. This Court has jurisdiction to address the constitutionality of the Defendant's Order as held up against the Plaintiff's claim.

■ A Rule 12(b)(6) motion "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997) (quoting *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982)). "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Id.* "The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The Court addressed many of the issues raised in the Defendant's motion in its order granting the Plaintiff's application for a preliminary injunction. (*See* Order Granting Prelim. Inj. (Docket Entry # 45.)) In its order, the Court determined that the Defendant's Order, on its face, did encompass an unconstitutional licensing scheme. (*See Id.* at 18–19.) Furthermore, and pursuant to FED. R. CIV. P. 65(a)(2), any evidence that was introduced at the preliminary injunction hearing becomes part of the record. Additionally, a court may not issue a preliminary injunction unless there is a substantial likelihood of success on the merits. *See Sugar Busters LLC v. Brennan,* 177 F.3d 258, 265 (5th Cir.1999). That requirement alone is sufficient to defeat the Defendant's motion to dismiss when viewing the Plaintiff's complaint in a light most favorable to the Plaintiff while accepting the verity of the facts put forth in the complaint.

Based on the following reasons, it is hereby **ORDERED** that the Defendant's motion to dismiss, construed by the Court to be a Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss, is **DENIED**.