Daniel G. PATERSON,
Plaintiff-Appellant,

v.

Caspar W. WEINBERGER, Secretary of
Defense of the United States of
America, Defendant-Appellee.

No. 79–1441.

United States Court of Appeals,
Fifth Circuit.

May 8, 1981.

David T. Lopez, Houston, Tex., for plaintiff-appellant.

Robert Darden, Asst. U.S. Atty., Houston, Tex., for defendant-appellee.

Before GODBOLD, Chief Judge, SIMPSON and THOMAS A. CLARK, Circuit Judges.

THOMAS A. CLARK, Circuit Judge:

In the district court the plaintiff-appellant challenged his forced retirement in 1975 at age 62 from a civilian position with the Army and Air Force Exchange Service ("AAFES"). The district court dismissed the plaintiff's complaint for lack of jurisdiction. We reverse. The complaint in part is certainly subject to certain jurisdictional defects. On the other hand, the defendant made only a "facial attack" and not a "factual attack" on plaintiff's claim of jurisdiction.

The complaint was filed July 21, 1977, and the Secretary answered on October 5, 1977. The docket sheet reflects a pretrial conference with a minute entry that the defendant was to file a motion within two weeks concerning jurisdiction and plaintiff was to respond within 30 days. Before discussing defendant's motion to dismiss for lack of jurisdiction, we will set forth the pertinent allegations of the complaint:

1. This cause arises under the Constitution and statutes of the United States, more specifically under the Fifth Amendment to the Constitution of the United States, 5 U.S.C. § 8335(a), and Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1361, 2201 and 2202. Venue is prescribed by 28 U.S.C. § 1391(d)(4) [sic].

2. Plaintiff DANIEL G. PATERSON is an adult citizen of the United States of America and a resident of Crosby, Texas. At the time pertinent to this complaint he was employed by the Army and Air Force Exchange Service, an agency of the government of the United States of America, more particularly a non-appropriated fund instrumentality of the Departments of the Army and the Air Force.

. . . .

4. Plaintiff was required to retire upon reaching the age of 62, in contravention of the provisions of Federal statute making retirement mandatory at age 70, and in contravention of the provisions of the Age Discrimination in Employment Act (hereinafter referred to as ADEA).

5. Although the Plaintiff made timely protest and exhausted all administrative channels then known to him, no relief was provided.

6. The Plaintiff's employer failed in its responsibility to inform the Plaintiff of the availability of relief under the ADEA, and when the Plaintiff independently became aware of the provisions of that law, the employing agency, under the direction and supervision of the Defendant, refused to provide relief on the basis that a complaint had not been timely brought.

7. Upon information and belief, the Plaintiff asserts that as to other employees similarly situated, the agency made known the provisions of the ADEA and made arrangements for employees who had been retired at age 62 to return to the employ of the Army and Air Force Exchange Service.

8. Equal consideration for returning to work was not made available to the Plaintiff, thus depriving him of his liberty and property without due process of law.

9. The Plaintiff is a person individually grieved within the meaning of Federal statutes by the actions or omissions of a Federal agency, in this case the Army and Air Force Exchange Service, and, accordingly, the Plaintiff is entitled to seek judicial review and relief under the provisions of the Administrative Procedure Act.

The Secretary's motion to dismiss merely alleged that the plaintiff "failed to file any notice of intent to sue with the Civil Service Commission or file his suit within 180 days as provided by 29 USCA § 633a(d)." Defendant alleged that filing of such a notice was a condition precedent and further alleged that plaintiff had not exhausted his administrative remedies. As stated, defendant Secretary filed no affidavit or other facts in support of its Rule 12(b)(1) motion.

The plaintiff failed to file any response to the motion to dismiss as requested by the court at the pretrial conference. The court dismissed the case because plaintiff failed to comply with 29 U.S.C. § 633a(d).[1] Plaintiff then moved to amend or set aside the judgment on the ground that plaintiff had a fifth amendment claim as well as an Administrative Procedure Act claim which had not been considered by the court. The Secretary then filed another motion to dismiss on November 16, 1978, with a supporting brief. A hearing was conducted, and the complaint was again dismissed for lack of jurisdiction on December 5, 1978, and final judgment was entered on February 23, 1979.

■ Our first consideration is the distinction between a "facial attack" and a "factual attack" upon the complaint under Fed.R. Civ.Proc. 12(b)(1). Our court, others, and textwriters have dealt with this subject.[2] Simply stated, if the defense merely files a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands. If a defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.

■ Since here we have only a "facial attack" and not a "factual attack," our review is limited to whether the complaint is sufficient to allege the jurisdiction. On appeal plaintiff-appellant has dropped his claim under the Administrative Procedure Act and maintains only that he has a claim under the fifth amendment and under the Age Discrimination in Employment Act.

In 1974 Congress extended the Age Discrimination in Employment Act[3] ("ADEA") to employees of the federal government, 29 U.S.C. § 633a. The Civil Service Commission was made the supervisory administrative agency to prescribe regulations and to consider appeals by employees from the federal agencies that initially pass upon complaints of discrimination made by employees.

An employee who believes that he has been discriminated against because of his age has two avenues of relief. He may file an administrative complaint with the employing federal agency, and if the employing agency's determination is adverse to him he may appeal to the Civil Service Commission for administrative review. 29 U.S.C. § 633a(b); see 29 C.F.R. §§ 1613.501 —1613.521 (1980).[4] After the administrative complaint has been filed with the Commission, a civil action then may be instituted. 29 U.S.C. § 633a(c), (d). Alternatively, the employee has the option under the Act to bypass the administrative process either in part or in its entirety and proceed directly to federal court thirty days after notice

---

1. In his order of April 4, 1978, the district judge referred to "29 U.S.C.A. 622a(d)." We consider his reference to § 622, and not § 633, to have been a typographical error.

2. See Menchaca v. Chrysler Credit Corporation, 613 F.2d 507 (5th Cir.) cert. denied, —— U.S. ——, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). Mortensen v. First Federal Savings & Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977); and 5

C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1350, at 555 (1969).

3. 29 U.S.C. § 621 et seq.

4. These regulations were formerly located at 5 C.F.R. §§ 713.501—713.521 (1975); redesignated at 43 Fed.Reg. 60,901 (Dec. 29, 1978).

of intent to sue has been given to the Commission as long as such notice is given "within one hundred and eighty days after the alleged unlawful practice occurred." 29 U.S.C. § 633a(d); *see Hall v. United States*, 436 F.Supp. 505 (D.Minn.1977).

Referring to plaintiff's complaint above, it can be seen that plaintiff alleges that he was forced to retire prematurely in contravention of the ADEA, that he made timely protest, and that he exhausted all administrative remedies then known to him. He further alleges that plaintiff's employer failed to inform him of the availability of relief and that when he belatedly became aware of the law the employing agency denied relief because his complaint was untimely.

Plaintiff has barely pled enough to comply with the requirements of Fed.R.Civ. Proc. 8(a)(2) permitting him a short and plain statement of a claim entitling him to relief. He argues on appeal that he did not learn of his ADEA rights in 1975 when he was discharged because his employing agency had failed to post and otherwise inform him of his rights under the Act. He then says that when he filed his complaint with the employing agency that agency turned it down because it was not timely. He charges that the untimeliness was brought about by the agency's failure to inform him of his rights as required under the Act. However, we are here indulging in facts argued on appeal which are not in the record. It may well be that the defendant can sustain a "factual attack" upon the court's jurisdiction of this case. However, under the liberal rules of pleading applicable to this type of case, plaintiff should have the opportunity to prove the extent to which, if any, he complied with the statutory require-

ments, and if not, any equitable bases he had for not complying in order to establish jurisdiction. Plaintiff was required to seek relief through one of the two avenues described or alternatively claim equitable grounds for not having so proceeded and must prove that the reasons he was prevented from proceeding can be blamed upon the employing agency.

The basis of the appellant's claim in this regard is that the AAFES either did not know of the 1974 extension of the ADEA to federal employees or at least the agency totally failed to inform the agency's employees of this fact. Apparently, at the time the AAFES retired the appellant the employing agency had never provided notice to Paterson of his rights under the ADEA as the agency was required to do by 29 U.S.C. § 627 and 29 C.F.R. § 850.10.[5] We have previously noted the importance of this "posting" requirement in several cases involving the private employee provisions of the ADEA. *See Adams v. Federal Signal Corp.*, 559 F.2d 433 (5th Cir. 1977); *Charlier v. S. C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir. 1977); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975).

■ The district court was correct in dismissing the appellant's fifth amendment claim for lack of jurisdiction. The court was of the opinion that after the May 1, 1974, effective date of 29 U.S.C. § 633a, the ADEA became the exclusive remedy for age discrimination in federal employment.

This precise issue has been addressed before only in the case of *Christie v. Marston*, 451 F.Supp. 1142 (N.D.Ill.1978). There a former employee of the Federal Home Loan Bank filed suit against his employer under

---

**5.** 29 U.S.C. § 627 provides:

Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.

29 C.F.R. § 850.10 provides:

Every employer, employment agency, and labor organization which has an obligation

under the Age Discrimination in Employment Act of 1967 shall post and keep posted in conspicuous places upon its premises the notice pertaining to the applicability of the Act prescribed by the Secretary of Labor or his authorized representative. Such a notice must be posted in prominent and accessible places where it can readily be observed by employees, applicants for employment and union members.

the ADEA and the fifth amendment for age discrimination. The district court first considered the Supreme Court's holding in *Brown v. GSA*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), that Section 717 of the Civil Rights Act of 1964, as amended,[6] provides the exclusive judicial remedy for federal employees who assert claims of employment discrimination on the basis of race, color, sex, religion or national origin. In *Brown* the Supreme Court noted the statute's "careful blend of administrative and judicial enforcement powers" and expressed concern that Congress' precise remedy for federal job discrimination "would be driven out of currency were immediate access to the courts under other, less demanding statutes permissible." 425 U.S. at 833, 96 S.Ct. at 1968.

The district court in *Christie* also analyzed in depth the legislative history of the 1974 amendment to the ADEA which extended the Act's coverage to federal employees. The court concluded that "the ADEA amendment was intended to provide an exclusive remedy for age discrimination." 451 F.Supp. at 1147. We agree with this analysis. In our view, by establishing the ADEA's comprehensive scheme for the resolution of employee complaints of age discrimination in federal employment, Congress clearly intended that all such claims of age discrimination be limited to the rights and procedures authorized by the Act as previously described in this opinion.

The judgment of the court below is reversed and the case remanded for either a hearing on the issue of subject matter jurisdiction or a trial on the ADEA issue only, as may be directed by the district court.

REVERSED and REMANDED.

---

6.  42 U.S.C. § 2000e–16, as amended by Section 11 of the Equal Employment Opportunity Act of 1972, Pub.L. 92–261, 86 Stat. 111.