**Bruce L. WHITE**

v.

**Anthony M. FRANK.**

**Civ. No. A–87–CA–877.**

United States District Court,
W.D. Texas,
Austin Division.

July 18, 1989.
As Amended Aug. 3, 1989.

Edward L. Piña, Karam, Naranjo & Kruger, San Antonio, Tex., for plaintiff.

Philip W. Eglsaer, Office of Field Legal Services, Southern Div., U.S. Postal Service, Memphis, Tenn., for defendant.

## MEMORANDUM OPINION

NOWLIN, District Judge.

Before the Court is the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. The Court, having considered the Motion, as well as all of the responses and replies filed thereafter, in addition to all of the pleadings on file in this matter, is of the opinion that the Motion is meritorious and should be granted.[1]

## I. STANDARD OF REVIEW

The Defendant requests that the Court dismiss this action pursuant to Rule 12(b)(6), or in the alternative, the Court grant summary judgment. A court should only dismiss a suit for failure to state a claim upon which relief may be granted when it appears beyond doubt that there is no set of facts under which Plaintiff could recover for the wrongs he alleges. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ As the Defendant notes, if a Court in reviewing a motion to dismiss pursuant to Rule 12(b)(6) finds the need to rely on evidence outside of the pleadings, the Court must treat the motion as a motion for summary judgment filed pursuant to Rule 56, and must apply the standards that go along with that rule. FED.R.CIV.P. 12(b); *Stanley v. CIA,* 639 F.2d 1146, 1157–58 (5th Cir.1981).

■ Rule 56(c) permits the Court to grant a motion for summary judgment when it appears from the affidavits and other exhibits on file with the Court that there is no genuine issue of material fact for trial, and when the movant is entitled to summary judgment as a matter of law. FED.R.CIV.P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the party opposing the motion, and indulge all reasonable inferences in that party's favor. *Pharo v. Smith,* 621 F.2d 656, 664 (5th Cir.1980).

The Supreme Court's 1986 summary judgment trilogy is by now well-known. In the three cases, the Court set out new rules governing the application of Rule 56. In the first case, *Anderson v. Liberty Lobby,*

[1]. On July 7, 1989 the Court entered an Order granting the Defendant's motion, and stating that a more detailed opinion would be forthcoming. This is that opinion.

*Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Court discussed the difference between "material" and "immaterial" issues of fact. The Court stated that a "material" issue is one that could affect the outcome of the suit under the applicable law. *Id.* at 248, 106 S.Ct. at 2510. The second case was *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In that case, the Court held that a movant for summary judgment can prevail by showing that its opponent is unable to produce evidence in support of its claim, and that no affidavits or other summary judgment evidence is necessary in such a situation. *Id.* at 322–24, 106 S.Ct. at 2552–53. Finally, in *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court held that when a movant produces a *prima facie* case, the opposing party must come forward with specific facts to show that there is a genuine issue for trial, or else summary judgment is proper. *Id.* at 587, 106 S.Ct. at 1356.

The Court's review of the Defendant's motion leads it to conclude that there are no material issues of fact remaining for trial, and that for the reasons set forth below, Defendant is entitled to judgment as a matter of law.

## II. UNDISPUTED FACTS

In this suit, Plaintiff alleges that he was denied reinstatement as a postal employee because of his age and because of a handicap. Plaintiff attempts to raise these claims under the Age Discrimination in Employment Act, the Rehabilitation Act, the Veteran's Reemployment Act, and the conspiracy provisions of 42 U.S.C. §§ 1985(2) and (3).

Based upon the Plaintiff's Complaint, and the uncontradicted summary judgment evidence submitted by the Defendant, the Court finds that the following facts are not in dispute: Plaintiff is a 30 year veteran of the United States Air Force. After retiring from the Air Force in 1984, Plaintiff applied for and obtained a position with the United States Postal Service. He held that position from October 13, 1984 until March 31, 1985, when Plaintiff resigned his position to seek other employment. Plaintiff's resignation followed a two week absence from work resulting from a back injury received on the job. His resignation stated that he left the Postal Service to pursue an "opportunity on another job."

Plaintiff reapplied for a Postal Service position on September 20, 1985, but was denied a position. No administrative complaint was ever filed for this denial. Thereafter, on May 23, 1986, Plaintiff again applied for reinstatement as a Postal Service employee. This request was again denied, on June 5, 1986. The Postmaster issued a clarification of the reasons supporting the denial on July 7, 1986. Plaintiff filed a formal complaint of discrimination on August 4, 1986, following an interview with a Postal Service Equal Employment Opportunity counselor. The complaint alleged that Plaintiff was denied reinstatement on the basis of his race, color, age and physical handicap.

A hearing was held on the complaint on April 30, 1987. The administrative judge found no basis for concluding that the plaintiff had been discriminated against on the basis of race, color or handicap, but found support for the Plaintiff's age discrimination complaint, and recommended a finding of discrimination. The final Postal Service decision was handed down on October 16, 1987, and rejected the administrative judge's conclusions on age discrimination, finding that the Plaintiff's request for reinstatement had not been denied on the basis of the Plaintiff's age, color, race or handicap.

On November 9, 1987, the Plaintiff filed a timely appeal to the Equal Employment Opportunity Commission ("EEOC") Office of Review and Appeals. On December 22, 1987, prior to any decision by the EEOC, the Plaintiff filed this suit. On March 30, 1988, the EEOC issued its final decision, affirming the findings of the Postal Service, finding that the Plaintiff had failed to demonstrate a *prima facie* case of discrimination, and stating that there was not any credible evidence supporting the Plaintiff's claims of discrimination.

## III. LEGAL ANALYSIS

### A. *Exclusive jurisdiction*

■ As noted earlier, the Plaintiff has filed this suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*, the Veterans Reemployment Act, 38 U.S.C. § 2021, *et seq.*, and the conspiracy provisions of the Civil Rights Act, 42 U.S.C. §§ 1985(2) and (3). The Defendant argues that the exclusive remedy for the Plaintiff's alleged discrimination is the ADEA and the Rehabilitation Act.

Several courts have held that a federal employee who claims age discrimination must proceed with this claim *solely* under the provisions of the ADEA, and that the ADEA provides the exclusive remedy for such discrimination. *See Paterson v. Weinberger,* 644 F.2d 521, 524–25 (5th Cir. 1981). *See also Castro v. United States,* 775 F.2d 399, 404–405 (1st Cir.1985); *Purtill v. Harris,* 658 F.2d 134, 137 (3d Cir. 1981), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983). The Fourth Circuit has recently reached the same conclusion in a non-federal employee situation. *Zombro v. Baltimore City Police Department,* 868 F.2d 1364, 1369 (4th Cir.1989).

Thus, to the extent that the Plaintiff attempts to allege his age discrimination complaints pursuant to 42 U.S.C. § 1985 or the Veterans Reemployment Act, the claims must be dismissed. Plaintiff's sole remedy for relief from any age discrimination is the ADEA.

The Defendant makes the same argument with regard to Plaintiff's handicap discrimination complaints, claiming that the sole remedy available to Plaintiff is the Rehabilitation Act. *See Prewitt v. United States Postal Service,* 662 F.2d 292, 304 (5th Cir.1981). *Prewitt* holds that a Plaintiff alleging a handicap discrimination claim may raise that claim under either § 501 or § 504 of the Rehabilitation Act. The Court need not address this issue, however, because the Plaintiff's Complaint does not state a claim for handicap discrimination under any statute other than the Rehabilitation Act.

### B. *Exhaustion of remedies*

Both the ADEA and Rehabilitation Act contain provisions related to exhaustion of remedies, but the provisions differ to some extent. The Defendant argues that the Plaintiff has failed to exhaust his remedies under either statute, and these claims should be dismissed on that basis.

#### 1. ADEA

■ When a Plaintiff brings an action under the ADEA he has two choices regarding exhaustion of remedies. First, he can choose to by-pass the administrative track entirely, and by giving notice in a timely fashion to the EEOC, he can head straight to federal court. *See Paterson,* 644 F.2d at 523–24; *see also* 29 U.S.C. § 633a(d). His other option is to pursue his administrative remedies first. If he makes this choice, however, he must completely exhaust his administrative remedies before commencing suit in federal court. *See Purtill,* 658 F.2d at 138; *Castro v. United States,* 775 F.2d 399, 404 (1st Cir.1985); *Limongelli v. Postmaster General of the United States,* 707 F.2d 368, 373 (9th Cir. 1983). *But see Langford v. U.S. Army Corps of Engineers,* 839 F.2d 1192, 1194–95 (6th Cir.1988). Unlike the Title VII process (which is applicable to the Rehabilitation Act), an ADEA Plaintiff may not choose to abandon his administrative claims once he starts down that track. *Purtill,* 658 F.2d at 138.

■ With respect to the Plaintiff's September 20, 1985 application, Plaintiff never filed an administrative complaint. Thus, his action is proper only if he fulfilled the requirements of 29 U.S.C. § 633a(d). That section requires that at least 30 days prior to filing suit, the Plaintiff must give the EEOC notice of intent to sue. The notice must also be given no more than 180 days after the alleged unlawful practice occurred. No notice of intent to sue was ever served on the EEOC, and the suit was filed more than two years after the alleged unlawful practice. Thus, with respect to the 1985 hiring decision, Plaintiff is barred

from suing under the ADEA. 29 U.S.C. § 633a(d).

■ With reference to the May 23, 1986 application the Plaintiff chose to follow the administrative process. He began that process by filing a formal appeal with the Postal Service. He pursued the matter further when he appealed the Postal Service's decision to the EEOC on November 9, 1987. On December 22, 1987, prior to any decision on the appeal, Plaintiff filed suit in federal court. The EEOC handed its decision down on March 30, 1988, affirming the Postal Service's findings. Thus, Plaintiff did not complete the administrative process prior to filing suit, and under the cases cited above, the ADEA claims related to the May 23, 1986 application must be dismissed.

Plaintiff argues that in *Paterson* the Fifth Circuit held that an ADEA plaintiff need not completely exhaust his administrative remedies prior to filing suit. He contends that an ADEA plaintiff is free to file an action in federal court at any time after the administrative process is started, and that no final agency action is necessary. In support of this argument, he cites this statement from *Paterson:*

> An employee who believes that he has been discriminated against because of his age has two avenues of relief. He may file an administrative complaint with the employing federal agency, and if the employing agency's determination is adverse to him, he may appeal to the Civil Service Commission[2] for administrative review. 29 U.S.C. § 633a(b); *see* 29 C.F.R. §§ 1613.501--1613.521 (1980). *After the administrative complaint has been filed with the Commission, a civil action then may be instituted. 29 U.S.C. § 633a(c), (d).* Alternatively, the employee has the option under the Act to bypass the administrative process either in part or in its entirety and proceed directly to federal court thirty days after

notice of intent to sue has been given to the Commission as long as such notice is given "within one hundred and eighty days after the alleged unlawful practice occurred." 29 U.S.C. § 633a(d); *see Hall v. United States*, 436 F.Supp. 505 (D.Minn.1977).

*Paterson*, 644 F.2d at 523–24 (footnote and emphasis added).

The Court does not agree that this statement supports the Plaintiff's argument. First, the language emphasized above is simply not supported by the language of §§ 633a(c) and (d). Section 633a(d) says nothing about suit being permitted anytime after a complaint is filed with the EEOC. Rather, it states that the requirements of that section must be met when a complaint *is not* filed with the Commission. 29 U.S.C. § 633a(d). Further, § 633a(c) does not even purport to address the requirements faced by a plaintiff that elects to pursue the EEOC remedies provided in § 633a(b). To construe these sections as Plaintiff suggests would effectively read the EEOC provisions of § 633a(b) out of the statute.

Moreover, the *Paterson* court stated that if a plaintiff elects to bypass the administrative process *in part*, he is still required to follow the dictates of 29 U.S.C. § 633a(d). The only logical reading of the "in part" language is that it applies to one (like Plaintiff) who commences the administrative process, but does not complete it. As noted earlier, § 633a(d) requires the individual to give the EEOC notice of his intent to sue, and to give such notice within 180 days of the alleged unlawful practice. Plaintiff has not complied with this section.[3]

Most importantly, the Fifth Circuit was not presented with the instant factual situation in *Paterson*. The issue there was whether the Plaintiff had adequately pled his claim under FED.R.CIV.P. 8(a)(2) to avoid a "facial attack" on jurisdiction, as

**2.** The EEOC is now the agency designated to hear such matters. *See* 92 Stat. 3781.

**3.** Even if the Court construed the Plaintiff's appeal to the EEOC to be a notice of intent to sue (which would be quite a liberal reading of the

appeal), the appeal, filed November 9, 1987, was not filed within 180 days of the alleged unlawful practice, which occurred almost 18 months earlier, on June 5, 1986.

opposed to a "factual attack." *Paterson,* 644 F.2d at 524. Indeed, the court found that the plaintiff had "exhausted all administrative channels then known to him," *id.* at 522, and never discusses a scenario where the Plaintiff abandons the administrative process mid-stream. At best, therefore, that portion of the court's statement emphasized above is *dicta,* and this Court is not bound by it.

As noted earlier, the First, Third and Ninth Circuits have explicitly held that when an ADEA plaintiff commences the administrative process, he must completely pursue his administrative remedies prior to filing suit. *Purtill,* 658 F.2d at 134; *Castro,* 775 F.2d at 399; *Limongelli,* 707 F.2d at 373. As the Plaintiff notes, the Sixth Circuit has ruled to the contrary, and cited *Paterson* in support of that result. *Langford,* 839 F.2d at 1194–95. As is obvious from the above analysis, the Court finds the reasoning of *Purtill, Castro* and *Limongelli* more persuasive on this point, and considers the Sixth Circuit's citing of *Paterson* to be based upon a misreading of that case.

Thus, the Court concludes that an ADEA Plaintiff does not have the choice to abandon his administrative remedies once he has commenced that process, and the reasons for this rule are clear. If the Plaintiff chooses to start that process, it would be grossly inefficient to allow him to abandon it whenever he grows tired of it. For the EEOC procedures to work effectively, and for the system to have integrity, claimants must be required to pursue their administrative remedies to completion, or not pursue them at all. Because the Plaintiff failed to allow the administrative process to come to a conclusion prior to filing suit, his suit must be dismissed for failure to exhaust administrative remedies.

### 2. Rehabilitation Act

Claims brought under the Rehabilitation Act are governed by the administrative procedure sections of Title VII. 29 U.S.C. § 794a(a)(1); *Prewitt,* 662 F.2d at 303–304. The procedures for exhaustion of remedies have been set out by the EEOC in regulations. *See* 29 C.F.R. §§ 1613.211—1613.-283 (1988). These requirements include a strict exhaustion rule. *Prewitt,* 662 F.2d at 303–304. Among these regulations is the rule that if a plaintiff proceeds to an appeal before the EEOC Office of Review and Appeals, he may not file suit until 180 days after the appeal is filed. 29 C.F.R. § 1613.281(d).

■ As to the discrimination complaint regarding the September 20, 1985 application, no administrative complaint of any kind was ever filed. Thus, Plaintiff is barred from proceeding with this claim under the Rehabilitation Act. *Prewitt,* 662 F.2d at 303–304. *See also Oaxaca v. Roscoe,* 641 F.2d 386 (5th Cir.1981); *Bickham v. Miller,* 584 F.2d 736 (5th Cir.1978).

■ As to the May 26, 1986 application, Plaintiff filed an appeal to the EEOC Office of Review and Appeals on November 9, 1987. Prior to any decision by the EEOC, he filed this suit on December 22, 1987, well before the 180 day waiting period of 29 C.F.R. § 1613.281(d) had elapsed. His suit is therefore premature, and must be dismissed. Moreover, the fact that Plaintiff's suit was on file when the 180 day period had passed does not cure the problem. To so hold would render meaningless the provisions of 29 C.F.R. § 1613.281(d), creating the 180 day waiting period.

### C. *Veterans Reemployment Act*

■ Plaintiff does not respond to the Defendant's arguments that the Veterans Reemployment Act ("VRA") is inapplicable to this case. It is clear that the VRA claims are completely without merit. First, the Act specifically states that it applies to one's *re*employment. *See* 38 U.S.C. § 2021, *et seq.* Thus, the VRA protects one's interest in his job if he leaves that job to enter the military service. There is, however, no allegation that the Plaintiff left the Postal Service to join the military. Indeed, the only allegation is that the Plaintiff left the Postal Service to seek "another opportunity," and it appears to be without dispute that the other opportunity was a civil service job. The VRA does not protect civil servants, but rather protects individuals that are drafted, enlist, or are called to

active duty in the Armed Services. The VRA is thus wholly inapplicable to this case.

Further, even if the VRA applied in theory, on its face the Act is not applicable to a veteran in the Plaintiff's situation. As the Complaint alleges, the Plaintiff served in the Air Force for a total of 30 years between 1953 and 1984. A veteran who enlisted or is called to active duty can only claim the Act's protection if "the total of such person's service performed between June 24, 1948, and August 1, 1961, did not exceed four years, and the total of any service ... performed by such person after August 1, 1961, does not exceed five years...." 38 U.S.C. § 2024(a). Clearly the Plaintiff does not fall within the protection of the VRA, having served more than four years prior to 1961 and more than five years after 1961. The claims under the VRA must therefore be dismissed for failure to state a claim.

### D. *42 U.S.C. § 1985(2) and (3)*

Plaintiff's Complaint alleges that Defendant conspired to deny Plaintiff reemployment as the result of Plaintiff's age, and that Defendant retaliated against Plaintiff for filing an EEOC complaint, in violation of 42 U.S.C. § 1985. Both of these claims must be dismissed. The conspiracy claim for denial of equal protection based upon age discrimination must be dismissed because, as set out in section II.B, the ADEA is the Plaintiff's exclusive remedy for age discrimination. *See Paterson,* 644 F.2d at 524–25. The retaliation claim must be dismissed because the Plaintiff's own Complaint alleges that he did not file any EEOC complaint until *after* he was denied reemployment. It is thus impossible factually, legally, and in any other sense, for the Defendant's decision not to rehire Plaintiff to have been in retaliation for his filing of the EEOC complaint. These claims therefore fail to state a claim.

### IV. CONCLUSION

Under the undisputed facts it is clear that the Defendant is entitled to dismissal and summary judgment. The facts show that with respect to the claims under the Veteran's Reemployment Act and 42 U.S.C. § 1985(2) and (3), the Complaint fails to state a claim upon which relief may be granted. With respect to the claims under the ADEA and the Rehabilitation Act, the Plaintiff has failed to exhaust his administrative remedies, and summary judgment is therefore proper.

ACCORDINGLY, IT IS ORDERED that Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment is GRANTED. An appropriate judgment will be entered this date.