**Ronald L. CHAPMAN, Sr.**

v.

**Anthony M. FRANK.**

**Civ. A. No. 89–182–B.**

United States District Court,
M.D. Louisiana.

Dec. 29, 1989.

---

11.  642 F.Supp. at 14.

**1034**

Ronald L. Chapman, Sr., Baton Rouge, La., pro se.

John Gaupp, Asst. U.S. Atty., and Roy J. Rector, Trial Atty., U.S. Postal Service., for defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

Plaintiff was removed from employment with the U.S. Postal Office on October 16, 1985. He filed a charge of employment discrimination with the Postal Service that was settled on February 11, 1986. The settlement provided reinstatement with a new probationary period without back pay or restoration of seniority. On August 4, 1986, Chapman requested the Postal Service to reopen his Equal Employment Opportunity claim. The Postal Service denied the request. Chapman appealed to the Equal Employment Opportunity Commission (EEOC) Office of Review and Appeals (ORA). The ORA affirmed the Postal Service on July 29, 1988. The decision of the ORA was received by Chapman on August 3, 1988. Chapman requested an extension of time to petition the ORA to reopen and reconsider its decision. The ORA denied the request. Chapman then filed an untimely appeal which the ORA denied as untimely Chapman received this denial on February 1, 1989. He then filed a complaint in this court seeking to proceed in forma pauperis on February 27, 1989. The Court denied plaintiff the right to proceed in forma pauperis on March 8, 1989. On March 10, 1989, plaintiff paid the filing cost.

The defendants have now filed a motion to dismiss or in the alternative, for summary judgment. Defendants contend that plaintiff's complaint was not timely filed and the court lacks subject matter jurisdiction. Plaintiff filed this suit under Title VII, 42 U.S.C. § 2000e–16. To be timely, the complaint must be filed within 30 days of receipt of the final agency decision. 29 C.F.R. § 1613.281(c). A decision is final unless a timely request to reconsider is filed. 29 C.F.R. § 1613.234(b). The party appealing must file a "timely request to reopen" with the EEOC. In this case, Chapman gave notice of appeal when he received the August 3, 1989 decision by the ORA. However, he did not present any arguments or evidence within the thirty day period. The mere filing of a notice of appeal without accompanying arguments and evidence does not constitute a "timely request to reopen" under 29 C.F.R. § 1613.234(b). The Court's decision is based on the clear language of 29 C.F.R. § 1613.235(b) which provides that a request to reopen *"shall* contain arguments or evidence...." Because the statute provides that the request to reopen "shall contain arguments or evidence," the notice of appeal alone, with no arguments or evidence, cannot be treated as a timely and proper pleading to suspend the finality of the agency's decision under 29 C.F.R. § 1613.234(b).

Therefore, plaintiff's suit was not timely filed and defendant's motion to dismiss must be granted and plaintiff's suit be dismissed with prejudice.