**Bruce L. WHITE, Jr., Plaintiff–Appellant,**

v.

**Anthony M. FRANK, U.S. Postmaster General, Defendant–Appellee.**

No. 89–1739
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 1, 1990.

Edward L. Pina, Karam, Naranjo & Kruger, San Antonio, Tex., for plaintiff-appellant.

Ronald J. Ederer, Interim U.S. Atty., San Antonio, Tex., Mark H. Marshall, Asst. U.S. Atty., Austin, Tex., Lori J. Dym, U.S. Postal Service, Washington, D.C., for defendant-appellee.

Before WILLIAMS, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:

The plaintiff, Bruce White, challenges the refusal of the United States Postal Service to reinstate him following his resignation from that employer a few months previously. The instant suit alleges that the refusal to reinstate was on account of his race (Caucasian), color (white), handicap (20% disability and back injury), and age (50), in violation of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; § 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq.; the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.; and the Veterans Reemployment Act, 38 U.S.C. § 2021 et seq.

In a thorough and able opinion, the district court granted the defendant's motion to dismiss or in the alternative for summary judgment. *White v. Frank*, 718 F.Supp. 592 (W.D.Tex.1989). We are persuaded that the district court reached the correct result and for the right reasons. Accordingly, we affirm, and we adopt the district court's persuasive opinion.

In doing so, we of course adopt its holdings, and specifically (but without limitation) its holding, 718 F.Supp. at 596–97,

that an ADEA plaintiff who chooses to appeal the employer's determination to the Equal Employment Opportunity Commission (EEOC) must await final action by that agency before filing an action in federal district court. The district court noted, *id.* at 595, that at least three circuit courts of appeals [1] have so held, leaving only one circuit [2] to have held squarely to the contrary.

We acknowledge, as did the district court, that there has been some uncertainty on the matter in this circuit because of language in *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981), to the effect that "[a]fter the administrative complaint has been filed with the [EEOC], a civil action then may be instituted." However, the district court *a quo* has explained persuasively, 718 F.Supp. at 596–97, why the quoted passage in *Paterson* is dictum, addressing a factual scenario not before the court. Moreover, it is not clear that the *Paterson* panel intended to imply that an EEOC complaint once filed would not also have to be *ruled upon* before a suit could be instituted. The district court also convincingly shows, *id.* at 596, that the majority view is the better reading of the statutory scheme.

We note that the passage in question from *Paterson* was quoted recently in *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989). *Irwin* involved a plaintiff who had filed suit *after* receiving an adverse decision from the EEOC. Thus, the court did not comment upon the critical language from *Paterson* or address whether the plaintiff could have filed suit *before* the EEOC had made its determination. As in *Paterson*, the sentence is, at most, dictum.

Recently we have reiterated that when a panel of this court has opined on an issue not before it, "[w]e do not view [such discussion] as precluding our consideration of the issue on the merits the first time it has been squarely presented to us." *Powell v. Commissioner*, 891 F.2d 1167, 1172 (5th Cir.1990). Directly presented now with the issue, we conclude, as did the Ninth Circuit when faced with this issue, that "[t]o withdraw is to abandon one's claim, to fail to exhaust one's remedies. Impatience with the agency does not justify immediate resort to the courts." *Rivera v. United States Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir.1987), *cert. denied*, 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988).

Concluding that the district court correctly decided the issues presented to it, we AFFIRM.

---

1. I.e., *Castro v. United States*, 775 F.2d 399, 404 (1st Cir.1985); *Limongelli v. Postmaster General of the United States*, 707 F.2d 368, 373 (9th Cir.1983); *Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir.1981), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983).

2. I.e., *Langford v. United States Corps of Eng'rs*, 839 F.2d 1192, 1194–95 (6th Cir.1988). Another circuit now has commented, in dictum, that under amended regulations plaintiffs who, like White, filed suit after November 30, 1987, were

not required to wait until an administrative determination has been made. *See Bornholdt v. Brady*, 869 F.2d 57, 63 (2d Cir.1989). However, the instant plaintiff, in his reply brief on appeal, specifically disavows reliance upon *Bornholdt*, and the regulation in question, 52 Fed.Reg. 41,-922 (Oct. 30, 1987), providing that "the filing of a civil action ... terminates [agency] processing," says nothing concerning the exhaustion requirement.