**Egan A. DEMESME, Jr.**

v.

**Anthony M. FRANK, Postmaster General, United States Postal Service.**

Civ. A. No. 89–378–B.

United States District Court,
M.D. Louisiana.

Nov. 20, 1990.

---

Dan M. Scheuermann, Baton Rouge, La., for plaintiff.

Raymond Lamonica, U.S. Atty., John C. Oldenburg, pro hac vice, Office of Field Legal Services, U.S. Postal Service, Memphis, Tenn., for defendants.

## RULING ON DEFENDANT'S MOTION TO RECONSIDER DEFENDANT'S MOTION TO DISMISS

POLOZOLA, District Judge.

The plaintiff, Egan A. Demesme, Jr., filed this action against the defendant seeking damages for lost wages, emotional distress, mental anguish, and humiliation due to alleged unlawful employment practices. The Court previously dismissed the plaintiff's claims for emotional distress, mental anguish, and humiliation.[1] Subsequently, the defendant filed a motion requesting the Court to reconsider its initial ruling, alleging that the entire suit should be dismissed.

A brief review of the facts is appropriate at this point to fully understand the defendant's motion for reconsideration. On April 5, 1988, Demesme, a postal employee, filed a complaint with the EEO Complaint Processing Division alleging that he was not selected for a new position with the postal service because of age and race discrimination. The EEO failed to find any discrimination and issued to Demesme a final agency decision to that effect on December 20, 1988.

The final agency decision explained that Demesme could either appeal the decision to the Equal Employment Opportunity Commission (EEOC) within 20 days, *or* file suit in the appropriate United States District Court within 30 days, of receipt of the decision. Demesme appealed to the EEOC on January 13, 1989 and, realizing the appeal was untimely, he requested a 20 day filing extension, pursuant to 29 C.F.R. 1613.233(c). In its decision dated April 17, 1989, the EEOC found the 20 day extension was not justified and dismissed the appeal as untimely.[2] On May 16, 1989, the plaintiff filed the suit now pending before this Court.

The issue now pending before this Court is whether plaintiff's remaining claim should be dismissed for failure of the plaintiff to exhaust his administrative remedies.

The United States Supreme Court has held that § 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*), as amended, "provides the exclusive judicial remedy for claims of discrimination in federal em-

---

1. Ruling on Defendant's Motion to Dismiss, dated June 6, 1990.

2. In plaintiff's request for a 20 day extension, his attorney stated that he was unable to file the appeal within the twenty day period because he was "hampered due to the holiday season." However, the evidence demonstrates that he did have sufficient time to file the appeal with the EEOC and the EEOC acted within its discretionary power when it denied any extension of time to file.

ployment."[3] The Supreme Court has further stated that "[p]rocedural requirements established by Congress for gaining assess to the federal courts are not to be disregarded."[4] Demesme, as a federal employee, can have his case heard before a district court only if he follows the administrative remedies provided under 42 U.S.C. § 2000e–16 and the Code of Federal Regulations (C.F.R.). In *Johnson v. Bergland,* the Fifth Circuit stated:

> The administrative complaint procedures must be complied with. If they are, and an adverse decision is rendered on the merits of a complaint, then a complainant is entitled to a *de novo* hearing in federal court. However, if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either. Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get into federal court anyway.[5]

Therefore, the Court does not have subject matter jurisdiction to hear this action unless Demesme has first exhausted his administrative remedies.

Implicit in *Johnson* is the requirement that the suit must be *timely* filed to satisfy the administrative procedures. This Court has stated that "[t]o be timely, the complaint must be filed within 30 days of the final agency decision."[6] In other words, after Demesme received the final agency decision he had to either file a suit within 30 days, or timely appeal to the EEOC within 20 days. If he appealed within 20 days to the EEOC, he must file a suit within 30 days after receipt of the EEOC's final decision. However, Demesme appealed to the EEOC after the 20 day period, knowing it was untimely, rather than filing suit in the district court, which would have been timely filed on that date. After receiving the EEOC's final decision dismissing the untimely appeal, the plaintiff filed suit with this Court. Although the suit was filed within 30 days of receipt of the EEOC's decision, this Court does not have subject matter jurisdiction because the appeal was not timely. To hold otherwise would circumvent the effect of the administrative procedures as designed by Congress. As noted by the court in *Halus v. United States,* a dissatisfied federal employee who does not act timely "may not, for example, appeal to the EEOC forty days after notice ... await the EEOC's rejection of his petition as untimely, then file suit in district court based on the EEOC's determination not to consider his claim."[7]

Therefore, after reconsideration of the defendant's motion to dismiss, the Court finds that the evidence supports the defendant's motion to reconsider. The Court specifically finds that the plaintiff's appeal to the EEOC was untimely. Therefore, the Court lacks subject matter jurisdiction because the plaintiff failed to timely and properly exhaust his administrative remedies.

IT IS ORDERED that defendant's motion to dismiss all of plaintiff's claims is GRANTED and plaintiff's suit is dismissed with prejudice.

Judgment shall be entered dismissing plaintiff's suit with prejudice.

**3.** *Brown v. General Serv. Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976); *see also Newbold v. United States Postal Serv.,* 614 F.2d 46 (5th Cir.), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980).

**4.** *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984).

**5.** 614 F.2d 415, 417–18 (5th Cir.1980).

**6.** *Chapman v. Frank,* 727 F.Supp. 1033, 1034 (M.D.La.1989); 29 C.F.R. § 1613.281(c).

**7.** No. 87–4133, 1988 LEXIS 4329, 1988 WESTLAW 48565 (E.D.Pa. May 16, 1988).