**Linda F. WRIGHT,**

v.

**UNITED STATES POSTAL SERVICES, et al.**

**No. CIV.A. 04–460–B–M1.**

United States District Court, M.D. Louisiana.

Nov. 12, 2004.

Linda F. Wright, Baton Rouge, LA, pro se.

Helina S. Dayries, United States Attorney's Office, Baton Rouge, LA, for Defendants.

### *RULING*

POLOZOLA, Chief Judge.

This matter is before the Court on the defendants' motion to dismiss [1] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has opposed the motion. For the reasons which follow, the defendants' motion to dismiss is GRANTED.

### I. Factual Background

The plaintiff, Linda Wright, was employed by the United States Postal Service as a casual custodian in the Maintenance Department of the General Mail Facility in Baton Rouge, Louisiana. Plaintiff's employment began on May 5, 2003, and her appointment ended on December 31, 2003.

On January 2, 2004, plaintiff contacted an EEO counselor. On February 25, 2004, plaintiff filed a formal EEO complaint alleging various claims of discrimination.

---

1. Rec. Doc. No. 22.

The EEO Compliance and Appeals Office for the Postal Service accepted plaintiff's complaint for investigation on March 25, 2004.

The plaintiff filed this lawsuit in federal district court on July 7, 2004, against the Postal Service and a former supervisor. In her suit, plaintiff only asserted a claim of age discrimination. On August 9, 2004, the EEO Compliance and Appeals Office issued a Final Agency Decision which dismissed the plaintiff's EEO complaint. On August 19, 2004, the plaintiff amended her complaint to add a retaliation claim and another supervisor as a defendant.

## II. Law and Analysis

### A. Motion to Dismiss under Rule 12(b)(1)

A motion under Rule 12(b)(1) governs challenges to a court's subject matter jurisdiction. The Court must dismiss a case for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.[2] A court may base its decision to dismiss a case for lack of subject matter jurisdiction on one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[3] Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.[4]

### B. Plaintiff's claim should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction.

A federal employee alleging age discrimination may file a suit in federal court in one of two ways: (1) the employee may file an EEO complaint and then file a civil action in federal district court following the completion of the agency process; or (2) the federal employee may choose to take their claim directly to the federal court.[5] However, it is well-established that "a complainant who chooses to pursue EEOC review of an initial agency determination must exhaust that avenue of relief before bringing a civil action."[6]

Under 29 C.F.R. § 1614.105(a), an aggrieved party who seeks to file an age discrimination claim must contact an EEO counselor prior to filing a complaint, either within 45 days of the alleged discriminatory incident, or within 45 days of the date of a personnel action.[7] Thereafter, a complainant must file a complaint of discrimination[8] with the EEO counselor. Following a final action or decision by the employing agency, a complainant has the right to file a civil action in federal district court within 90 days of the receipt of the final agency decision, or 180 days after the filing of the complaint of discrimination.[9]

As discussed previously, the plaintiff in the instant matter filed a formal

---

**2.** *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir.1996)).

**3.** *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir.1986) (*citing Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)).

**4.** *See Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981).

**5.** 29 C.F.R. § 1614.103 and § 1614.201.

**6.** *Tolbert v. United States,* 916 F.2d 245, 248 (5th Cir.1990).

**7.** *See,* 29 C.F.R. § 1614.105.

**8.** *See,* 29 C.F.R. § 1614.106.

**9.** *See,* 29 C.F.R. § 1614.110 and § 1614.107.

EEO complaint of discrimination on February 25, 2004. She then filed this civil action on July 7, 2004, prior to the passage of 180 days after filing her EEO complaint and before the employing agency issued its final agency decision on August 9, 2004. Thus, the plaintiff failed to properly exhaust her administrative remedies as required by the applicable Code of Federal Regulation.

The Fifth Circuit's decision of *Tolbert v. United States* [10] is relevant and dispositive of the issue now pending before the Court. In *Tolbert,* a former postal service employee brought a lawsuit alleging employment discrimination. The complaint alleged that the plaintiff had suffered sexual harassment while employed by the Postal Service, which caused her resignation. She further alleged that the supervisor who had harassed her caused her application for re-employment to be denied. [11]

After the Postal Service rejected Tolbert's complaint, she filed a timely appeal on March 20, 1987 with the Office of Review and Appeals of the Equal Employment Opportunity Commission. Before Tolbert received the decision from the EEOC, and before she had waited 180 days following the EEOC decision, Tolbert filed a complaint in federal district court. [12]

The defendants filed a motion for summary judgment, arguing that Tolbert had not exhausted administrative remedies nor complied with the filing deadlines proposed by law. Before the defendants' motion for summary judgment was ever heard, the EEOC Office of Appeals and Review rendered its decision, affirming the decision of the Postal Service. [13]

The Fifth Circuit affirmed the dismissal of plaintiff's suit stating: "It is clear that at the time Tolbert filed her action she had not exhausted her administrative remedies; thus, the court had no jurisdiction over the action, and was required to dismiss it." [14] The court further noted:

> After the Postal Service denied her claim, Tolbert had a choice as to how to proceed. She could have immediately filed an action in the federal district court ... Tolbert chose instead to pursue a further administrative remedy, and appealed to the EEOC Office of Review and Appeals. ... The question is whether, having chosen to pursue administrative review of the Postal Service's decision, Tolbert must exhaust that remedy, or whether she can abandon it in mid-course, and pursue a civil action instead. [15]

Finally, the Fifth Circuit held that, "[t]his Court has recently held, as to an action brought under the Age Discrimination in Employment Act, that a complainant who chooses to pursue EEOC review of an initial agency determination **must exhaust that avenue of relief before bringing a civil action,** [16] [citation omitted] and the rule announced in *White* for ADEA actions applies equal force to Title VII actions." [17]

The court also found that the defect in Tolbert's action was not cured when the EEOC issued its decision before Tolbert's claim was dismissed by the district court. In such circumstances, the court held:

> [T]he rule must be that the defect was not cured. To hold otherwise would allow a plaintiff to file an action and begin

---

10. 916 F.2d 245 (5th Cir.1990).

11. *Id.,* at 246.

12. *Id.,* at 247.

13. *Id.*

14. *Id.,* at 248.

15. *Id.*

16. *Id., citing White v. Frank,* 895 F.2d 243 (5th Cir.1990).

17. *Id.* (Emphasis added).

civil proceedings—discovery, motions to dismiss and for summary judgment, and so on—before completing the course of administrative review. A plaintiff could thereby largely circumvent the rule that she must exhaust her administrative remedies. To allow a plaintiff to proceed in such a fashion would, in short sequence, produce all of the evils that are designed to be avoided by requiring exhaustion of administrative remedies.[18]

Recognizing that it was applying a very strict construction to the rule, the court stated that, "[s]uch a strict construction, however, is necessary if the aims of the exhaustion requirement are to be served."[19] The court further noted that this construction "does not impose any great additional burden on Title VII plaintiffs of their counsel. The rule is simple: file in the time allotted, and neither before nor after."[20]

In *White v. Frank*,[21] cited by the Fifth Circuit in *Tolbert*, the court had addressed a lawsuit brought by a veteran who had left employment with the Postal Service for a civil service position and was subsequently denied re-employment with the Postal Service. The plaintiff alleged a violation of the Age Discrimination in Employment Act (ADEA) by the Postal Service.[22]

The lower court dismissed White's action on the ground that an ADEA plaintiff who chooses to appeal the employer's determination to the EEOC must await final action by that agency before filing an action in federal district court.[23] In affirming the district court, the Fifth Circuit clearly and specifically held:

> Directly presented now with the issue, we conclude, as did the Ninth Circuit when faced with this issue, that "[t]o withdraw is to abandon one's claim, to fail to exhaust one's remedies. **Impatience with the agency does not justify immediate resort to the courts.**"[24]

This Court addressed a case similar to the case presently before the Court in *Demesme v. Frank*,[25] where a former employee of the Postal Service brought an action against the Service seeking damages for alleged age discrimination. The plaintiff in *Demesme* had filed a complaint with the EEO Complaint Processing Division on April 5, 1988. The EEO failed to find any discrimination and issued a final agency decision on December 20, 1988.[26]

The final agency decision instructed that the plaintiff could either appeal the decision to the Equal Employment Opportunity Commission within 20 days or file suit in the appropriate district court within 30 days of receipt of the decision. Demesme filed an untimely appeal to the EEOC on January 13, 1989, and requested a 20 day filing extension. The EEOC found the request unjustified and ultimately denied the motion. Demesme then filed his lawsuit on May 16, 1989.[27]

This Court noted that, "[t]he Supreme Court has further stated that '[p]rocedural requirements established by Congress for gaining a[cc]ess to the federal courts are

18. *Id.*, at 249.

19. *Id.*

20. *Id.*

21. 895 F.2d 243 (5th Cir.1990).

22. *Id.*

23. *Id.*, at 244.

24. *Id., quoting Rivera v. United States Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir.1987), *cert. denied*, 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988). (Emphasis added).

25. 753 F.Supp. 187 (M.D.La.1990).

26. *Id.*, at 188.

27. *Id.*

not to be disregarded.' Demesme, as a federal employee, can have this case heard before a district court only if he allows the administrative remedies provided under 42 U.S.C. § 2000e–16 and the Code of Federal Regulations."[28]

This Court then relied on the Fifth Circuit's decision *Johnson v. Bergland*, stating as follows:

> The administrative complaint procedures must be complied with. If they are, and an adverse decision is rendered on the merits of a complaint, then a complainant is entitled to a *de novo* hearing in federal court. However, if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either. Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get into federal court anyway.[29]

Based on the rulings of the Supreme Court and the Fifth Circuit, this Court found that it did not have jurisdiction to hear the action until Demesme first exhausted his administrative remedies. Because the plaintiff had failed to exhaust his administrative remedies, his suit was properly dismissed.[30]

For the reasons set forth above, the Court finds that Wright has failed to exhaust her administrative remedies. Because plaintiff has failed to fully exhaust her administrative remedies, the Court does not have subject matter jurisdiction to hear this case. Therefore, defendant's Rule 12(b)(1) motion is granted.

## C. Motion to Dismiss Pursuant to Rule 12(b)(6)

The defendants have also moved to dismiss plaintiff's case under Rule 12(b)(6) because they allege the Postal Service and the individual defendants are improper parties to this action. Thus, defendants allege the plaintiff has failed to state a claim upon which relief may be granted.

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is viewed with disfavor and is rarely granted.[31] A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[32] In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[33] In ruling on such a motion, the Court cannot look beyond the face of the pleadings.[34] The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff.[35] A plaintiff, however, must plead

**28.** *Id.*, at 189, *quoting Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984).

**29.** *Id.*, *quoting Johnson v. Bergland*, 614 F.2d 415, 417–18 (5th Cir.1980).

**30.** *Id.*

**31.** *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997).

**32.** *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

**33.** *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996).

**34.** *Baker*, 75 F.3d at 196; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000).

**35.** *Lowrey*, 117 F.3d at 247.

specific facts, not mere conclusory allegations, to avoid dismissal.[36]

Dismissal is warranted if a plaintiff has (1) been given the opportunity to plead his best case, (2) made specific and detailed allegations constituting his best case, and (3) still fails to state a claim.[37]

Normally, consideration of a 12(b)(6) motion focuses solely on the allegations in the complaint. However, introduction of matters of public record and entertainment of oral argument is permissible.[38] Furthermore, in deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.[39] "When deciding a Rule 12(b)(6) motion, the Court will not consider matters outside the pleadings, except those matters of which the Court takes judicial notice." [40]

### D. Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to state a claim against the proper defendant in this matter.

 The plaintiff named the United States Postal Service and two of her former supervisors as defendants in this case. The Fifth Circuit has clearly stated that the appropriate defendant to be sued under the ADEA is the same person as in an employment discrimination action under Title VII, which is the head of the department, agency, or unit as appropriate.[41] The Fifth Circuit has also held that the proper defendant in an employment discrimination action against the Postal Service is the Postmaster General.[42] Thus, plaintiff has failed to state a claim against the defendants named in this matter. As such, her claim should be dismissed pursuant to Rule 12(b)(6).

### III. Conclusion

The Court finds that since plaintiff has failed to exhaust administrative remedies under the ADEA, the Court does not have subject matter jurisdiction over this action. The Court also finds that plaintiff has failed to state a claim against the defendants named in this action because the only proper defendant in this action is the Postmaster General of the United States. Accordingly, defendants' motion to dismiss pursuant Federal Rules of Civil Procedure

---

**36.** *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992).

**37.** *See Jacquez v. Procunier,* 801 F.2d 789, 792–93 (5th Cir.1986) (recognizing that dismissal is required if a plaintiff has had fair opportunity to make his case, but has failed); *Morrison v. City of Baton Rouge,* 761 F.2d 242, 246 (5th Cir.1985) (assuming that the specific allegations of the amended complaint constitute the plaintiff's best case).

**38.** *Louisiana ex rel. Guste v. United States,* 656 F.Supp. 1310, 1314 n. 6 (W.D.La.1986), *aff'd,* 832 F.2d 935 (5th Cir.1987), *cert. denied,* 485 U.S. 1033, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988) *citing* 5 Wright & Miller, Federal Practice and Procedure, §§ 1357 n. 41 and 1364, n. 24–43.

**39.** *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.), *cert. denied,* 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122(1994).

**40.** *Cousin v. Small,* 2001 WL 617455 (E.D.La. 2001) *referring to* Fed.R.Civ.P. 12(b); Fed R. Evid. 201; *see also, Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."); *In re Ford Motor Co. Bronco II Prods. Liab. Litig.,* 909 F.Supp. 400, 403 (E.D.La.1995) ("[T]he Court may take judicial notice of matters of public record."); *Chadwick v. Layrisson,* 1999 WL 717628, at *2 (E.D.La. Sept.13, 1999) (same).

**41.** *See, Honeycutt v. Long,* 861 F.2d 1346, 1349 (5th Cir.1988).

**42.** *Lamb v. United States Postal Service,* 852 F.2d 845, 846 (5th Cir.1988).

12(b)(1) and 12(b)(6) are hereby GRANT-ED, and plaintiff's case is dismissed without prejudice.

Judgment shall be entered accordingly.