William J. **MURRAY**, Plaintiff,

v.

**TXU CORP., et al.,** Defendants.

No. 3:03–CV–0888–P.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 27, 2003.

## ORDER

SOLIS, District Judge.

Defendant TXU Energy Trading Company LP, now known as TXU Portfolio Management Company LP, terminated Plaintiff's employment on August 1, 2002. Believing he was dismissed in violation of § 806 of the Sarbanes–Oxley Act, Pub.L. No. 107–204, 116 Stat. 802, *codified at* 18 U.S.C. § 1514A, Plaintiff sent a complaint by Federal Express to the Secretary of Labor. Plaintiff asserts the same claims now by suit in federal court. Defendants move to dismiss for lack of subject-matter jurisdiction.[1] After considering the pleadings, the briefing, the evidence, and the applicable law, the Court DENIES Defendants' motion.

 A complaint must be dismissed if the Court lacks jurisdiction over the subject matter of the plaintiff's claim. Fed. R.Civ.P. 12(b)(1). The burden of establishing subject-matter jurisdiction rests on the party invoking jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A district court deciding a motion to dismiss under rule 12(b)(1) may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996) (*quoting Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)). The Fifth Circuit distinguishes between a "facial" attack and a "factual" attack upon a complaint under Rule 12(b)(1). *See Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981). If a defen-

Yona Rozen, Gillespie Rozen & Watsky, Hal K Gillespie, Gillespie Rozen & Watsky, Dallas, for William J Murray, Plaintiff.

Patricia S Gill, Hunton & Williams, Dallas, for TXU Corp., TXU Energy Company LLC, TXU Portfolio Management Company LP, fka TXU Energy Trading Company, LP, Defendants.

1. Defendants' Partial Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), or in the Alternative, Motion to Stay, was filed on June 16, 2003. Plaintiff responded on July 3, 2003. Defendants filed their Reply on July 18, 2003. Defendants have styled their motion as "par-

tial." The Court reminds Defendants that defenses or objections available to Defendants but not addressed in this motion may be raised only in a manner consistent with Fed. R.Civ.P. 12(h).

dant supports a 12(b)(1) motion with affidavits, testimony, or other evidentiary materials, then the attack is factual and the plaintiff must prove subject-matter jurisdiction by a preponderance of the evidence by submitting facts through some evidentiary method. *See id.* A rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998).

■ A person who believes that he has been discriminated against in violation of the whistle-blower provisions of the Sarbanes–Oxley Act must first file a complaint with the Secretary of Labor ("Secretary") within ninety days of the alleged violation. 18 U.S.C. § 1514A(b)(1). If the Secretary fails to issue a final decision within that 180–day period, and there is no showing that the delay is due to any bad faith on the part of the claimant, the claimant may file suit in federal district court. 18 U.S.C. § 1514A(b)(2). A federal district court lacks jurisdiction over a suit brought under § 806 of the Sarbanes–Oxley Act if (1) the plaintiff failed to file a complaint with the Secretary of Labor within ninety days of the alleged violation; (2) the Secretary issued a final decision within 180 days of the filing of a § 806 complaint; (3) the plaintiff filed suit in a federal district court less than 180 days after filing such a complaint; or (4) there is a showing that the Secretary failed to issue a final decision within 180 days due to the plaintiff's bad faith.

Defendants contend that "[t]here is a serious question as to whether Plaintiff ... timely filed his complaint with the [Secretary]." Mot. at 6. The parties agree that a complaint is "filed" when it is received. Mot. at 6; Resp. at 3. Defendants challenge Plaintiff to prove that the Secretary received his complaint within ninety days of his termination, that is, on or before October 30, 2002. In response, Plaintiff invokes a well-recognized presumption concerning receipt of properly addressed, paid-for, and mailed documents. *See Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932).

■ The Fifth Circuit has long endorsed this presumption. *Lyle Cashion Co. v. McKendrick,* 204 F.2d 609, 611 (5th Cir.1953). "Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *Beck v. Somerset Techs., Inc.,* 882 F.2d 993, 996 (5th Cir.1989). The presumption can arise where the sender uses a private delivery service. *United States v. Wilson,* 322 F.3d 353, 362 (5th Cir.2003) (invoking the rule where a party claimed to have sent a letter by Federal Express, but finding insufficient evidence to apply the presumption). Facts supporting the presumption can be established directly, by testimony of the person who mailed the item, or indirectly, by proof that the item was sent through office procedures followed in the ordinary course of business. *Bronia, Inc. v. Seo,* 873 F.Supp. 854, 859 (S.D.N.Y.1995). Once the presumption arises, the burden of producing evidence of nondelivery shifts to the party disputing receipt. *Wells Fargo Bus. Credit v. Ben Kozloff, Inc.,* 695 F.2d 940, 944 (5th Cir.1983).

In *Beck,* "a copy of the properly addressed letter, a certified mail receipt and signed return post cards" were sufficient to raise the presumption that a letter was received in the due course of the mail. 882 F.2d at 996. In *Bronia,* the presumption attached where "the person responsible for actually mailing the[ ] letters[ ] testified that she properly sent them ... and her testimony [was] corroborated by the Federal Express receipts and the fact that

[another party] received the same . . . mailings around the same time." *Accord SEC v. Batterman,* 00 Civ. 4835, 2002 WL 31190171, 2002 U.S. Dist. LEXIS 18556, *15–*18 (S.D.N.Y. Sept. 30, 2002) (attorney testified that she delivered documents to Federal Express and submitted records indicating the tracking numbers, the date and time of delivery, and the nature of the documents).

▓ By sworn affidavit, Plaintiff's counsel testifies that he sent the complaint by Federal Express on October 25, 2002, to the Honorable Elaine L. Chao, Secretary of Labor, U.S. Department of Labor, Frances Perkins Bldg., 200 Constitution Ave., N.W., Washington, D.C. 20210. Pl.'s App. A, ¶ 7 (Gillespie Aff.). Defendant does not dispute that this is the proper address; indeed, this is the address listed on the Department's Internet Web site. *See* http://www.dol.gov. The affidavit testimony is corroborated by a copy of the airbill counsel received upon delivering the complaint to Federal Express. Pl.'s App. K. This airbill indicates that the mailing concerns "Murray." *Id.* Plaintiff has submitted a copy of a document indicating how much his attorney's FedEx account was charged for this shipment. *See* Pl.'s App. I. A document from Federal Express indicates that one "A. Ward" signed for the document at that location on October 28, 2002. *See* Pl.'s Ex. L (copy of fax from Fed Ex); Pl.'s App. A ¶ 8 (Gillespie Aff.); Pl.'s App. B (Strecker Aff.). The Court is satisfied that Plaintiff has raised a presumption of receipt by the Secretary on October 28, 2002.[2]

In *Zhejiang Tongxiang Import & Export Corp. v. Asia Bank, N.A.,* 98 Civ. 8288, 2001 WL 66331, 2001 U.S. Dist. LEXIS 623, *5–*9 (S.D.N.Y. Jan. 25, 2001), the defendant attempted to rebut the presumption of receipt by demonstrating that its regular procedures relating to the receipt of packages were not followed, thereby suggesting that the package at issue was not in fact delivered. The court found against the defendant because there was "no credible evidence to suggest that [the plaintiff] did not mail the package . . ., that the [United Parcel Service] records [were] false, or that someone posed as [the defendant's] employee in order to sign for the documents and steal them from [the defendant]." *Id.* at *8, 2001 WL 66331.

▓ Defendants attempt to rebut this evidence by asserting that "there is no evidence A. Ward was authorized to accept a complaint, worked at the DOL, or even worked for the Federal Government." Reply at 4. This observation, by itself, is insufficient to rebut the presumption of receipt. It is Defendants' burden to present evidence rebutting the presumption, but Defendants have failed to present any evidence suggesting that no one named "A. Ward" works at the Department of Labor or is authorized to receive documents on behalf of the Secretary. Defendants present no evidence describing the manner in which the Department of Labor handles Federal Express deliveries and no records suggesting that the Department received no complaint from Plaintiff. Furthermore, Defendants make no effort to dispute the evidence indicating that Plaintiff's counsel sent the complaint by Federal Express; they present no evidence to suggest that the Federal Express records are not authentic.

---

**2.** Defendants have submitted a letter from Gerald T. Foster, a Department of Labor official, to David Lonergan, counsel for Defendants, indicating that Plaintiff's complaint was received by the Secretary on October 24, 2002. Obviously, this is date is in error because Plaintiff does not claim to have mailed the complaint until October 25, 2002. The fact that the letter dates receipt to October 2002, however, tends to corroborate Plaintiff's claim that the complaint was filed at that time.

Defendants urge the Court to infer non-receipt from the fact that the Secretary did not issue the notice required by 18 U.S.C. § 1514A(b)(2) and 49 U.S.C. § 42121(b)(1),[3] did not otherwise contact the parties or their respective counsel to discuss the complaint, and did not investigate or issue written findings within sixty days of receipt, as required by 18 U.S.C. § 1514A(b)(2) and 49 U.S.C. § 42121(b)(2)(A).[4] The defendant in *Zhejiang Tongxiang* made similar arguments, but—"in the face of the overpowering evidence that the package was delivered to [the defendant]"—the court found the arguments insufficient to preclude a finding that the documents were delivered. *See* 2001 U.S. Dist. LEXIS 623, at \*8, 2001 WL 66331. In light of the evidence available to this Court, the fact that the Secretary did not act as if she had received the complaint is insufficient to rebut the presumption that she did receive the complaint. The Court therefore finds that Plaintiff timely filed his complaint with the Secretary, and he did so more than 180 days before filing the present suit.

■ Defendants also argue that this case should be dismissed for lack of subject-matter jurisdiction because Plaintiff

"caused or contributed to the DOL not having the requisite 180 days to investigate his complaint." Mot. at 9. As noted above, this Court lacks jurisdiction over this case if there has been a showing that the Secretary's failure to issue a final decision was due to bad faith on the part of the claimant. *See* 18 U.S.C. § 1514A(b)(1)(B). Defendants contend that the Secretary's failure to issue a timely final decision was caused by Plaintiff's failure to file his complaint with the OSHA Area Director for the geographical area in which he resides or was employed. Mot. at 9 (citing 29 C.F.R. §§ 1979.103(c) & 1980.103(c)). Defendants also suggest that the delay was caused by Plaintiff's failure to contact the Secretary after not receiving the written report that came due sixty days after he filed his complaint. Failing to comply with procedures outlined in the C.F.R.[5] and not holding the Secretary's feet to the irons might well delay a final decision. It is also plain that such failures or omissions do not by themselves indicate bad faith. Defendants' insinuations fall far short of the proof necessary to show that the Secretary's delay was due to bad faith on the part of Plaintiff.[6] The motion to dismiss is **DENIED.**

3. "Upon receipt of such a complaint, the Secretary of Labor shall notify, in writing [the person named in the complaint and the employer] of the filing of the complaint, of the allegations contained in the complaint, of the substance of evidence supporting the complaint, and of the opportunities that will be afforded to such person under [49 U.S.C. § 42121(b)(2)]." 49 U.S.C. § 42121(b)(1) & 18 U.S.C. § 1514A(b)(2)(E).

4. "Not later than 60 days after the date of receipt of a complaint filed under [49 U.S.C. § 42121(b)(1)] ... the Secretary of Labor shall conduct an investigation and determine whether there is reasonable cause to believe that the complaint has merit and notify, in writing, the complainant and the person alleged to have committed a violation of [18

U.S.C. § 1514A(a)] of the Secretary's findings." 49 U.S.C. § 42121(b)(2).

5. Inasmuch as the Court finds that Defendants have failed to show that any delay was due to bad faith on the part of Plaintiff, it is unnecessary to determine whether Plaintiff was in fact obliged to comply with 29 C.F.R. § 1979.103 when filing his complaint with the Secretary. Plaintiff cannot have complied with 29 C.F.R. § 1980.103 because it was not issued until May 2003.

6. Federal district court jurisdiction does not depend on a showing that the delay was not due to bad faith of the claimant or on a showing of the claimant's good faith. Rather, this Court's jurisdiction is conditioned on *the lack* of a showing that the Secretary's failure

Defendants alternatively argue that the case should be stayed to permit the Secretary time to investigate Plaintiff's claims. Citing the legislative history of the Sarbanes–Oxley Act, Defendants maintain that the 180–day window was enacted not to create a "meaningless 'waiting period'" but to permit the Secretary to investigate claims brought under § 806. Mot. at 7–9; Reply at 5–6. The Court agrees that it would be preferable for the Secretary to investigate Plaintiff's case. However, nothing in the statute suggests that a claimant's access to the federal courts should be postponed when his complaint appears to have fallen through the proverbial cracks. Indeed, a more reasonable reading of statute suggests the opposite. The motion for stay is DENIED.

It is so ordered.

to timely issue a final decision was due to the claimant's bad faith. The statute does not plainly identify whose burden it is to make this showing, under what circumstances such a showing can be made, or even to whom the showing must have been made. Given the posture of the case at hand, it only makes sense for Defendants to bear this burden.