Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM: *

Ricardo Montano–Lara appeals from his guilty-plea conviction for illegal reentry into the United States. He argues that the district court misunderstood its sentencing discretion under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He concedes that, because he failed to object on this basis in district court, this issue is reviewed only for plain error. Examination of the sentencing transcript does not indicate that the district court failed to recognize its proper role in the post-*Booker* sentencing scheme. Accordingly, Montano–Lara has not shown plain error on this basis.

Montano–Lara's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Montano–Lara contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Montano–Lara properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Accordingly, the district court's judgment is AFFIRMED.

**MILLENNIUM ONE COMMUNICATIONS, INC., Plaintiff–Appellant,**

v.

**The PUBLIC UTILITY COMMISSION OF TEXAS; Paul Hudson, in his official capacity as Chairman of the Public Utility Commission of Texas; Julie Caruthers Parsley, in her official capacity as Commissioner of the Public Utility Commission of Texas; and Southwestern Bell Telephone, L.P., Defendants–Appellees.**

No. 05–50728.

United States Court of Appeals, Fifth Circuit.

Decide March 16, 2006.

Anton Christopher Malish, Ryan Elliot Rogers, Foster, Malish & Blair, Austin, TX, for Plaintiff–Appellant.

John Richard Hulme, Office of the Attorney General for the State of Texas, William P. Clements Building, Austin, TX, for Defendant–Appellee.

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

published and is not precedent except under

PER CURIAM *:

AFFIRMED. *See* 5TH CIR. R. 47.6.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Javier VILLELA–ESPINOSA,**
**Defendant–Appellant.**

**No. 04–41282.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided March 17, 2006.

James Lee Turner, Assistant U.S. Attorney, John Richard Berry, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Javier Villela–Espinosa appeals his conviction and sentence for illegal reentry following deportation. Villela claims the district court committed reversible error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines (*Fanfan* error). The Government concedes that Villela has preserved this issue for appeal. Such error is not structural. *United States v. Martinez–Lugo,* 411 F.3d 597, 601 (5th Cir.2005).

On the other hand, the Government has *not* shown beyond a reasonable doubt that the error was harmless. *See United States v. Walters,* 418 F.3d 461, 463–64 (5th Cir.2005). Accordingly, Villela's sentence is vacated, and this case is remanded for resentencing.

Villela also asserts the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Villela's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Villela contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule it in the light of *Apprendi,* we have repeatedly rejected such assertions on the basis that *Almendarez–Torres* remains

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.