UTEX COMMUNICATIONS
CORP., Plaintiff,

v.

THE PUBLIC UTILITY COMMISSION
OF TEXAS, Paul Hudson, in His Official Capacity as Chairman of the Public Utility Commission of Texas, Julie Caruthers Parsley, in her Official Capacity as Commissioner of the Public

Utility Commission of Texas, Barry Smitherman, in his Official Capacity as Commissioner of the Public Utility Commission of Texas, and Southwestern Bell Telephone, L.P. D/B/A AT & T Texas F/K/A SBC Texas, Defendants.

No. A–06–CA–567–LY.

United States District Court,
W.D. Texas,
Austin Division.

Sept. 26, 2007.

Kell Corrigan Mercer, Patricia Baron Tomasco, Stephen Wayne Lemmon, Brown McCarroll, L.L.P., Austin, TX, for Plaintiff.

John R. Hulme, Suzanne Antley, Texas Attorney General's Office, Austin, TX, Dennis G. Friedman, Hans Germann, J. Tyson Covey, Theodore A. Livingston, Mayer, Brown, Rowe & Maw L.L.P., Chicago, IL, for Defendants.

Andrew Milam Jones, Austin, TX.

## MEMORANDUM OPINION AND ORDER

LEE YEAKEL, District Judge.

Before the Court are AT & T Texas' Motion to Dismiss filed September 29, 2006 (Doc. # 37); the Public Utility Commission of Texas and Commissioners' Motion to Dismiss under Fed.R.Civ.P. 12(b)(1) and (6) filed September 29, 2006, (Doc. # 38); UTex Communications Corporation's Omnibus Response to the Motion to Dismiss filed by AT & T Texas, Public Utility Commission of Texas, and Commissioners filed November 1, 2006 (Doc. # 42); AT & T's Reply Brief in Support of Motion to Dismiss filed November 21, 2006 (Doc. # 43); Reply in Support of Public Utility Commission of Texas and Commissioners' Motion to Dismiss filed November 21, 2006 (Doc. # 44); UTex Communications Corporation's Omnibus Sur–Reply filed December 1, 2006 (Doc. # 45); and *Amicus Curiae* Brief of TEXALTEL in Support of UTex Communications Corp. filed December 1, 2006 (Doc. # 46). A hearing was held before the Court on the motions on February 1, 2007. Following the hearing, AT & T Texas submitted a letter brief dated April 6, 2007. UTex Communications Corporation subsequently filed a letter brief dated May 2, 2007. Having considered the motions, responses, replies, arguments of counsel, post-hearing letter briefs, the relevant case law, and the record in this cause, the Court renders the following opinion and order.

## BACKGROUND

### 1. Regulatory Background

Congress passed the Federal Telecommunications Act of 1996 ("FTA"), 47 U.S.C. §§ 151–615b (2001 & Supp.2006), to open local telecommunications markets to competition. The FTA requires incumbent local exchange carriers ("ILECs"),

such as AT & T Texas ("AT & T"), to allow their new competitors, called competitive local exchange carriers ("CLECs"), such as UTex Communications Corporation ("UTex"), to resell "at wholesale rates any telecommunications service that the [ILEC] provides at retail." 47 U.S.C. § 251(c)(4) (2001). By reselling an ILEC's retail services, a CLEC can offer telecommunications services to customers without building its own telephone network.

ILECs and would-be CLECs are required to negotiate in good faith an "interconnection agreement," setting forth the terms under which they will operate. *Id.* at § 251(c)(1). The parties may decide to incorporate the requirements of federal law in their agreement, but also are permitted to "negotiate and enter into a[n] ... agreement ... without regard to the standards" established in the FTA. *Id.* at § 252(a)(1). If the parties cannot agree, either party may petition the state commission to arbitrate any open issues in accordance with the requirements of federal law. *See id.* at §§ 252(b) and (c). If the state commission declines to perform that role, the parties may seek resolution by the Federal Communications Commission ("FCC"). *See id.* at § 252(e)(5).

The final version of negotiated or arbitrated interconnection agreement must be submitted to the state commission for its review and approval. *See id.* at §§ 252(e)(1) and (4). A party aggrieved by a state-commission decision approving or rejecting an agreement may seek review of that determination in federal court. *See id.* at § 252(e)(6). Once the interconnection agreement is approved, the state commission retains the authority under section 252 of the FTA to interpret and enforce an agreement if a dispute arises between the parties to that agreement.

*See, e.g., Southwestern Bell Tel. Co. v. Public Utils. Comm'n,* 208 F.3d 475, 479–80 (5th Cir.2000).

### 2. Factual Background and Claims

AT & T [1] and UTex negotiated an interconnection agreement ("ICA") that was approved by the Public Utility Commission of Texas ("PUC") in 2000 (the "2000 ICA"). UTex's claims in this cause arise out of three proceedings initiated pursuant to section 252 of the FTA concerning the 2000 ICA and its successor agreement. Two of the proceedings (Docket Nos. 32041 and 30459) are post-approval disputes concerning the 2000 ICA. The third proceeding (Docket No. 26381) is the arbitration of a new agreement to replace the 2000 ICA. The Court will provide a brief synopsis of the issues involved in each of these three proceedings and will identify the counts in the instant cause that are connected with each proceeding.

#### a. Docket No. 26381

In 2002, UTex filed a petition with the PUC pursuant section 252(b) of the FTA to arbitrate certain terms of a new ICA between AT & T and UTex. After several scheduling extensions prolonging the proceeding beyond the nine-month limitation imposed by the FTA, *see* 47 U.S.C. § 252(b)(4), the arbitrators requested that the parties identify the disputed issues that implicated or involved Voice over Internet Protocol ("VoIP"), a relatively new technology for providing voice service over a broadband connection using Internet Protocol. The recent advent and rapid growth of VoIP has created complex regulatory classifications that are in the process of being addressed in ongoing, industry-wide federal rulemaking proceedings

---

1. AT & T Texas was formally known as SBC Texas. Thus, the Court's references to AT & T identify both AT & T and SBC Texas.

before the FCC. *See In the Matter of IP–Enabled Services,* 19 FCC Rcd. 4863 (2004); *see also* FCC Public Notice, "Pleading Cycle Established for Grande Communications' Petition for Declaratory Ruling Regarding Intercarrier Compensation for IP–Originated Calls," WC Docket No. 05–83 (FCC Oct. 12, 2005). In light of the pendency of the proceedings before the FCC addressing the same VoIP issues raised by the parties in the arbitration, the arbitrators dismissed UTex's arbitration petition by order dated April 27, 2006. *Petition of UTex Communications Corporation for Arbitration,* Docket No. 26381, Order No. 22 Dismissing Proceeding (Apr. 27, 2006). On appeal, the PUC vacated the arbitrators' dismissal order pending the FCC's determinations on the VoIP issues. *Id.,* Order Abating Proceeding (Jun. 22, 2006). Counts One through Four of UTex's First Amended Complaint involve the proceedings in Docket No. 26381.

b. Docket No. 32041

Docket No. 32041 was commenced after a dispute arose between the parties concerning the amount AT & T was billing under the 2000 ICA and whether UTex could bill and collect amounts it contended were owed under certain liquidated-damages provisions in the agreement. In March 2005, UTex filed suit in state court against AT & T alleging breach of contract. The case was removed to federal court. *UTex Communications Corp. v. Southwestern Bell Telephone, L.P.,* Cause No. A–05–CA–262–SS (W.D.Tex.2005) (*UTex I*). The Court dismissed UTex's claims for failure to exhaust, noting that the PUC must be allowed to render a final decision interpreting the liquidated-damages provisions of the agreement before an aggrieved party can seek relied in federal court. *See id.,* slip op. (Jun. 6, 2005). UTex subsequently filed a complaint asking the PUC to resolve its liquidated-damages claim. UTex further alleged tort and antitrust claims that were dismissed as beyond the jurisdiction of the PUC. UTex's liquidated-damages claim remains pending before the PUC. The parties are awaiting a decision from the arbitrators. Counts Five through Seven, Ten, and Eleven of UTex's First Amended Complaint involve the proceedings in Docket No. 32041.

c. Docket No. 30459

AT & T filed a petition with the PUC seeking to amend its ICAs, including the 2000 ICA with UTex, to implement new unbundling rules issued by the FCC under section 251 of the FTA. *See* 47 U.S.C. § 271. UTex submitted a request to further amend the 2000 ICA to reflect terms and conditions for unbundling of network elements pursuant to sate law and section 271 of the FTA. *See* 47 U.S.C. § 271. After reviewing briefing from the parties on UTex's requested amendment, the arbitrators found that UTex's section 271 unbundling requests were beyond the scope of the proceedings initiated by AT & T, which was limited to conforming existing ICAs with the FCC's new unbundling standards under section 251. *Petition of SBC Texas for Post–Interconnection Dispute Resolution in a Consolidated Change of Law Proceeding for Non–T2A Interconnection Agreements,* Docket No. 30459, Order No. 19 Ruling on Threshold Briefs (Sept. 2, 2005). The arbitrators noted that an earlier determination in Docket No. 28821 concluded that the PUC had no authority to order the unbundling of network elements under section 271. *See id.* at 7–8. The arbitrators further determined that UTex's state-law unbundling request was beyond the scope of the issues presented in the original proceeding. *See id.* at 8. Counts Eight and Nine of UTex's First Amended Complaint involve the proceedings in Docket No. 30459.

d. UTex's Additional Counts

Counts Twelve through Sixteen of UTex's First Amended Complaint, asserting claims solely against AT & T, do not involve any specific PUC proceeding. Counts Twelve and Thirteen allege under Texas law that AT & T tortuously interfered with UTex's existing and potential contracts with its customers. Counts Fourteen through Sixteen of UTex's First Amended Complaint assert federal antitrust claims against AT & T for its actions as alleged in its breach-of-contract claims against AT & T.

## ANALYSIS

### 1. Standard of Review

In their motions, Defendants seek dismissal of Plaintiff's claims against them pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction and failure to state a claim. Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action for lack of subject-matter jurisdiction. Rule 12(b)(1) challenges to subject-matter jurisdiction come in two forms: "facial" attacks and "factual" attacks. *See Lawrence v. Dunbar,* 919 F.2d 1525, 1528–29 (11th Cir.1990); *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981); *Santerre v. Agip Petroleum Co.,* 45 F.Supp.2d 558, 566 (S.D.Tex.1999); *Rodriguez v. Texas Comm'n on the Arts,* 992 F.Supp. 876, 878 (N.D.Tex.1998). A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings. *See Lawrence,* 919 F.2d at 1529; *Paterson,* 644 F.2d at 523; *Rodriguez,* 992 F.Supp. at 878. When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the court's jurisdiction is a factual attack. *Paterson,* 644 F.2d at 523; *Rodriguez,* 992 F.Supp. at 879. Because Defendants have submitted supporting evidence with their motions, their challenge to the Court's jurisdiction is factual. *See Elixir Shipping SA v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 267 F.Supp.2d 659, 661 (S.D.Tex.2003).

In ruling on a motion to dismiss for failure to state a claim, the Court must test the formal sufficiency of the statement of the claim for relief. *See Doe v. Hillsboro ISD,* 81 F.3d 1395, 1401–02 (5th Cir. 1996). All well-pleaded facts must be accepted as true and viewed in the light most favorable to the plaintiff. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999); *Hillsboro ISD,* 81 F.3d at 1401–02 (citing *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995)). A Rule 12(b)(6) motion to dismiss should be granted when the complaint lacks a cognizable legal theory or fails to set forth facts sufficient to support a legal theory. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 2d* § 1357 at 340 (1990 & Supp.2003 at 361). The issue is not whether a plaintiff will ultimately prevail but whether it is entitled to offer evidence to support its claims. *Hillsboro ISD,* 81 F.3d at 1401. The Court should dismiss for failure to state a claim only if the court can determine to a certainty that the plaintiff cannot prove any set of facts that would allow relief under the allegations in the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In determining whether a claimant has pleaded sufficient facts, only specific facts, not mere conclusory allegations or unwarranted deductions, are accepted as true and are considered. *See Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

### 2. Summary of Arguments

Defendants seek dismissal of Counts One through Nine of UTex's First Amended Complaint contending that Counts One

through Three and Five through Seven should be dismissed for lack of jurisdiction because the PUC has not made a final determination. Defendants further argue that Count Four should be dismissed for failure to state a claim because the PUC has not declined jurisdiction over UTex's arbitration. Finally, Defendants assert that Counts Eight and Nine should be dismissed for failure to state a claim because the PUC was not required to consider UTex's unbundling request that was outside the scope of the docket before the PUC and that the PUC had no authority to grant.

In addition to seeking dismissal of Counts One through Nine, AT & T seeks dismissal of Counts Ten through Sixteen of UTex's First Amended Complaint. AT & T contends that Counts Ten and Eleven should be dismissed for failure to exhaust administrative remedies. AT & T further argues that Counts Twelve and Thirteen should be dismissed because tort claims arising under contract are barred under Texas law. Finally, AT & T asserts that Counts Fourteen through Sixteen should be dismissed because antitrust claims based on alleged violations of the FTA or the parties' ICA (the 2000 ICA) are barred pursuant to *Verizon Communications, Inc. v. Law Offices of Curtis v. Trinko, LLP,* 540 U.S. 398, 124 S.Ct. 872, 157 L.Ed.2d 823 (2004).

UTex contends that its claims arise under section 252(e)(6) of the FTA, which provides that "[i]n any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section [252]". 47 U.S.C. § 252(e)(6). Relying on *Verizon Maryland, Inc. v. Public Service Com'n of Maryland,* 535 U.S. 635, 636, 122 S.Ct.

1753, 152 L.Ed.2d 871 (2002), UTex asserts that "[e]ven if § 252(e)(6) .... does not confer jurisdiction, it does not divest the district courts of their authority under § 1331". *See* 28 U.S.C. § 1331 (2006). Thus, UTex argues, the PUC's abatement order in Docket No. 26381 (Counts One through Four), failure to act on its liquidated-damages claim in Docket No. 32041 (Counts Five through Seven, Ten, and Eleven), and dismissal of UTex's request to amend the 2000 ICA pursuant to state law and section 271 of the FTA in Docket No. 30459 (Counts Eight and Nine) all constitute determinations under the FTA warranting review by a federal district court under section 252(e)(6).

With regard to UTex's additional claims against AT & T (Counts Twelve through Sixteen), UTex contends that the tort and antitrust claims it has alleged against AT & T involve conduct that only has some relationship to its contract claims. Specifically, UTex asserts that it has set out claims pertaining to matters that occurred outside of the specific context of each party's performance under the parties' 2000 ICA and are therefore actionable in tort under Texas law and under state and federal antitrust laws notwithstanding the Supreme Court's decision in *Trinko.*

**3. Jurisdiction and Judicial Review under 28 U.S.C. § 1331 and Section 47 U.S.C. § 252**

 Federal courts are empowered to hear "all civil actions arising under the Constitution, laws, or treaties of the United States". 28 U.S.C. § 1331. However, federal courts "possess only that power authorized by Constitution and statute.... It is to be presumed that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins.*

Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citations omitted). Federal-court jurisdiction may not be expanded by judicial interpretation or decree. See id. (citing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17–18, 71 S.Ct. 534, 95 L.Ed. 702 (1951)).

■ Section 252 of the FTA does not establish a distinctive review mechanism for the actions of the PUC, but it also does not distinctively limit the substantive relief available. Verizon Maryland, 535 U.S. at 644, 122 S.Ct. 1753. Instead, it reads like the conferral of a private right of action. As noted previously, section 252(e)(6) provides that "any party aggrieved by such determination may bring an action in an appropriate Federal district court." 47 U.S.C. § 252(e)(6). The Fifth Circuit has broadly interpreted this provision, granting district courts the authority to review all of a state commission's interpretation and enforcement determinations, whether they raise purely federal-law questions, or whether they also raise state-law questions. See Southwestern Bell Tel. Co. v. Public Util. Comm'n, 208 F.3d 475, 481–82 (5th Cir.2000). The FTA creates federal-question jurisdiction by granting federal courts the exclusive authority to review state-utility-commission determinations made pursuant to its provisions.

Under the procedures established in section 252, the PUC must be given the first opportunity to determine the disputed issues raised by the parties. Thus, the Court's authority to review these issues hinges on whether the PUC has made such a determination under the applicable provisions of the FTA. Accordingly, the Court will address each of the three proceedings before the PUC to determine whether the PUC has made the necessary determination for judicial review.

a. Docket No. 26381 (Counts One through Four)

■ On June 22, 2006, the PUC abated the proceedings in Docket No. 26381 pending the FCC's determinations on issues that would directly affect the disputed issues raised by the parties under the terms of a new ICA that AT & T and UTex are in the process of negotiating. Thus, the PUC has not approved or rejected the new ICA. UTex argues that the PUC's abatement order serves as a determination that can be reviewed by this Court because it is a refusal to resolve open issues as required by section 252(b)(4)(c) of the FTA. See 47 U.S.C. § 252(b)(4)(c). Defendants note, however, that this Court's jurisdiction is limited to reviewing approved or rejected new ICAs and, because the new ICA at issue in Docket No. 26381 has not been approved or rejected by the PUC, the abatement order serves only as an interlocutory order in the FTA proceedings that cannot be appealed to this Court. The Court agrees. Judicial review under section 252(e)(6) of the FTA is limited to review of a state commission's approval or rejection of an ICA. See GTE North, Inc. v. Strand, 209 F.3d 909, 915 (6th Cir.2000). Therefore, the Court finds that Counts One through Three of Plaintiff's First Amended Complaint should be dismissed.

■ The Court further finds that Count Four of the First Amended Complaint, which seeks to compel commercial arbitration of the disputed terms of the new ICA under the provisions of the 2000 ICA, also should be dismissed. Under the General Terms and Conditions of the 2000 ICA, if the PUC "declines jurisdiction" over the terms of a new ICA submitted to the PUC for resolution the parties shall resort to commercial arbitration. See 2000 ICA, § 4.2. However, UTex has failed to show that the PUC has declined jurisdiction. The PUC's June 22, 2006 order merely

abates the arbitration pending the FCC's resolution of the VoIP issues. The Court does not interpret the PUC's abatement order as a determination declining jurisdiction. In light of the absence of a final determination accepting or rejecting the parties's new ICA or an order declining jurisdiction to render a determination by the PUC, the Court concludes that it lacks jurisdiction to review the proceedings in Docket No. 26381.

b. Docket No. 32041 (Counts Five through Seven, Ten, and Eleven)

▮ The liquidated-damages provisions at issue in the 2000 ICA before the PUC in Docket No. 32041 were previously addressed in *UTex I*. The Court dismissed UTex's claims for failure to exhaust administrative remedies. *UTex I*, slip op. (Jun. 6, 2005). UTex contends that since dismissal, the PUC has failed to process the proceeding, and argues that this failure to act constitutes either (1) a determination that no colorable dispute exists regarding the interpretation of the 2000 ICA or (2) an exhaustion of remedies by UTex. The Court disagrees. As noted by Defendants, the disputed liquidated-damages issue remains pending before the PUC. Briefing has been submitted at the arbitrators' request, and the parties are awaiting a determination. Because the disputed issues have not been resolved by the PUC, and for the same reasons addressed by *UTex I*, the Court finds that it lacks jurisdiction to review the proceedings in Docket No. 32041. Therefore, the Court concludes that Counts Five through Seven, Ten, and Eleven should be dismissed.

c. Docket No. 30459 (Counts Eight and Nine)

Defendants assert that Counts Eight and Nine should be dismissed for failure to state a claim because the PUC was not required to consider UTex's unbundling request that was outside the scope of the docket before the PUC and that the PUC had no authority to grant. In response, UTex notes that unlike the proceedings in Docket Nos. 26381 and 32041, the issues in Docket No. 30459 for which UTex seeks judicial review have been fully and finally determined by the PUC. UTex further argues that its First Amended Complaint sufficiently alleges claims outside its state-law claims and claims under section 271 of the FTA that the arbitrators determined were outside the scope of the docket. Specifically, UTex contends that its First Amended Complaint alleges that the PUC's rulings do not comport with the FTA or FCC rules, noting most especially UTex's claim that AT & T will not allow UTex to obtain access to "DS3 loops or DSL loops", which UTex argues the FCC has retained and should still be available. At the hearing on Defendants' motions to dismiss, UTex requested that it be granted leave to amend its complaint with regard to Counts Eight and Nine to remove the disputed state-law claims and its claims under section 271 of the FTA. Having reviewed the First Amended Complaint with regard to Counts Eight and Nine, the Court finds that UTex should be granted the opportunity to amend its complaint to remove the disputed claims and more thoroughly allege its claims regarding the violation of the FTA and FCC rules alleged to have been made by the PUC in its rulings in Docket No. 30459. Therefore, the Court will deny Defendants' motions to dismiss with regard to Counts Eight and Nine at this time.

d. Counts Twelve through Sixteen

▮ AT & T contends that UTex's tortious interference claims in Counts Twelve and Thirteen of the First Amended Complaint solely allege misconduct by AT & T involving its performance under the 2000 ICA. Thus, AT & T argues, the claims are barred under Texas law. The

Court agrees. A defendant's conduct that breaches an agreement between the parties and does not breach an affirmative duty imposed outside the contract is not actionable in tort. *See National Union Fire Ins. Co. v. Care Flight Air Ambulance Service, Inc.,* 18 F.3d 323, 327 (5th Cir.1994); *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex.1991). The Court's review of the First Amended Complaint fails to reveal alleged wrongs by AT & T outside of the 2000 ICA. Therefore, the Court finds that Counts Twelve and Thirteen should be dismissed.

■ Counts Fourteen through Sixteen of the First Amended Complaint allege state and federal antitrust claims solely against AT & T. AT & T contends that these claims are barred by the Supreme Court's decision in *Trinko,* holding that plaintiffs could not state an antitrust claim based merely upon an ILEC's failure to fulfill duties under the FTA or an ICA. 540 U.S. at 410, 124 S.Ct. 872. UTex concedes that the conduct alleged has some relationship to the 2000 ICA, but asserts that it pertains to actionable violations of antitrust laws notwithstanding *Trinko.* The Court's review of UTex's First Amended Complaint fails to reveal facts and allegations sufficient to overcome the holding in *Trinko.* UTex asks the Court to allow it to amend its pleadings to properly assert its antitrust claims. UTex has not demonstrated how it would replead, however, and has not suggested any additional facts not initially pled that could cure the pleading defects raised by AT & T. *See Goldstein v. MCI WorldCom,* 340 F.3d 238, 255 (5th Cir.2003). Indeed, the Court finds that UTex could allege no set of fact that could overcome the holding in *Trinko.* Therefore, the Court denies UTex's request to amend and finds that Counts Fourteen through Sixteen of the First Amended Complaint should be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Public Utility Commission of Texas and Commissioners' Motion to Dismiss under Fed.R.Civ.P. 12(b)(1) and (6) filed September 29, 2006 (Doc. # 38), and AT & T Texas' Motion to Dismiss filed September 29, 2006 (Doc. # 37) are **GRANTED IN PART AS FOLLOWS:**

Counts One through Seven and Ten through Sixteen of Plaintiff UTex Communications Corporation's First Amended Complaint are **DISMISSED WITHOUT PREJUDICE** to refiling any claims that may be asserted following final determination by the PUC. Counts Eight and Nine remain pending before the Court.

In all other respects, the motions are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff UTex Communications Corporation shall file a Second Amended Complaint consistent with this Memorandum Opinion and Order **on or before October 12, 2007.**