## UTEX COMMUNICATIONS CORP., Plaintiff,

v.

The **PUBLIC UTILITY COMMISSION OF TEXAS, Paul Hudson, in his Official Capacity as Chairman of the Public Utility Commission of Texas, Julie Caruthers Parsley, in her Official Capacity as Commissioner of the Public Utility Commission of Texas, Barry Smitherman, in his Official Capacity as Commissioner of the Public Utility Commission of Texas, and Southwestern Bell Telephone, L.P. d/b/a AT & T Texas f/k/a SBC Texas, Defendants.**

Cause No. A–06–CA–567–LY.

United States District Court,
W.D. Texas,
Austin Division.

March 18, 2009.

Stephen Wayne Lemmon, Kell Corrigan Mercer, Patricia Baron Tomasco, Brown McCarroll, L.L.P., Austin, TX, for Plaintiff.

Suzanne Antley, Texas Attorney General's Office, John R. Hulme, Office of the Attorney General, Andrew Milam Jones, AT & T Texas, Austin, TX, J. Tyson Covey, Hans J. Germann, Dennis G. Friedman, Theodore A. Livingston, Mayer Brown LLP, Chicago, IL, for Defendants.

Howard Jay Siegel, Logix Communications, Austin, TX, for Movant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEE YEAKEL, District Judge.

BE IT REMEMBERED that on July 3, 2008, the Court called and concluded the above-styled cause for bench trial. Plaintiff UTex Communications Corp. ("UTex") appeared by counsel. Defendants the Public Utility Commission of Texas, Paul Hudson, Julie Caruthers Parsley, and Barry Smitherman (collectively, the "PUC") and AT & T Texas [1] ("AT & T") appeared by counsel. In this action, UTex requests the Court to set aside an order of the PUC and remand to the PUC for further proceedings. Having carefully considered the evidence in the PUC record, the parties' briefs, the case law applicable to this action, and the arguments of counsel, this Court declines to do so and affirms the PUC's order for the reasons that follow. In so deciding, the Court makes the following findings of fact and conclusions of law.[2]

---

1. Southwestern Bill Telephone, L.P. d/b/a AT & T Texas will be referred to as AT & T in this opinion. AT & T was formally known as SBC Texas. Thus, the Court's references to AT & T identify both AT & T and SBC Texas.

2. All findings of fact contained herein that are more appropriately considered conclusions of law are to be so deemed. Likewise, any conclusion of law more appropriately considered a finding of fact shall be so deemed.

### Jurisdiction and Venue

This cause of action arises under Section 252(e)(6) of the Federal Telecommunications Act of 1996, which provides that "[i]n any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section [252]." 47 U.S.C. § 252(e)(6) (2001). State utility commissions have the authority to address state-law questions relating to the interpretation and enforcement of previously approved interconnection agreements such as the one at issue in this case. *Southwestern Bell Tel. Co. v. Public Util. Comm'n,* 208 F.3d 475, 480 (5th Cir.2000). Federal district courts have jurisdiction to review such decisions. *Id.* at 480 (citing *Iowa Util. Bd. v. FCC,* 120 F.3d 753, 804 & n. 24 (8th Cir.1997), *aff'd in part, rev'd in part on other grounds, AT & T Corp. v. Iowa Util. Bd.,* 525 U.S. 366, 119 S.Ct. 721, 142 L.Ed.2d 835 (1999) (holding that review under section 252(e)(6) is exclusive means of obtaining review of state enforcement decisions for interconnection agreements)). This Court has supplemental jurisdiction over state-law claims because they arise out of the same case or controversy. *See* 28 U.S.C. § 1367(a)(2006). Venue is proper because some Defendants reside in the Austin Division of the United States District Court for the Western District of Texas. *See* 28 U.S.C. § 1391(b)(2006).

### Regulatory Background

Congress enacted Federal Telecommunications Act of 1996 ("FTA"), 47 U.S.C. §§ 151–615b (2001 & Supp.2008), to open local telecommunications markets to competition. The FTA requires incumbent local exchange carriers ("ILECs"), such as AT & T, to allow their new competitors, called competitive local exchange carriers ("CLECs"), such as UTex to resell "at wholesale rates any telecommunications service that the [ILEC] provides at retail." 47 U.S.C. § 251(c)(4). By reselling an ILEC's retail services, a CLEC can offer telecommunications services to customers without building its own telephone network.

ILECs and would-be CLECs are required to negotiate in good faith an "interconnection agreement," setting forth the terms under which they will operate. *Id.* at § 251(c)(1). The parties may decide to incorporate the requirements of federal law in their agreement, but also are permitted to "negotiate and enter into a[n] ... agreement ... without regard to the standards" established in the FTA. *Id.* at § 252(a)(1). If the parties cannot agree, either party may petition the state utility commission to arbitrate any open issues in accordance with the requirements of federal law. *See id.* at § 252(b) and (c). If the state commission declines to perform that role, the parties may seek resolution by the Federal Communications Commission ("FCC"). *See id.* at § 252(e)(5).

The final version of a negotiated or arbitrated interconnection agreement must be submitted to the state commission for its review and approval. *See id.* at § 252(e)(1) and (4). A party aggrieved by a state-commission decision approving or rejecting an agreement may seek review of that determination in federal court. *See id.* at § 252(e)(6). Once the interconnection agreement is approved, the state commission retains the authority under section 252 of the FTA to interpret and enforce an agreement if a dispute arises between the parties to that agreement. *See, e.g., Southwestern Bell Tel. Co. v. Public Utils. Comm'n,* 208 F.3d 475, 479–80 (5th Cir. 2000).

### Factual Background

AT & T and UTex negotiated an interconnection agreement that was approved by the PUC in 2000 (the "2000 ICA"). On November 23, 2004, AT & T filed a petition with the PUC seeking to amend its ICAs, including the 2000 ICA with UTex, to implement new orders issued by the FCC.[3] AT & T's filing of the petition initiated an arbitration proceeding under the PUC's Procedural Rules. AT & T's stated purpose was to change the interconnection-agreement terms of all "non-T2A" CLECs to conform to the FCC's recent orders enacting new standards on unbundled network elements ("UNEs") pursuant to the "change-of-law" provisions in those ICAs.[4]

On December 3, 2004, UTex submitted a response to AT & T's petition and a request to further amend the 2000 ICA to include additional terms and conditions that would enable UTex to obtain additional UNEs from AT & T. However, UTex's requested amendments were not sought to conform with the FCC's orders referenced in AT & T's petition. Instead, UTex sought to amend the 2000 ICA based on previous FCC rulings. After reviewing briefing from the parties on UTex's re-quested amendment, the arbitrators found that UTex's request was beyond the scope of the proceeding initiated by AT & T, which was limited to conforming existing ICAs with the FCC's new UNE standards. *Petition of SBC Texas for Post–Interconnection Dispute Resolution in a Consolidated Change of Law Proceeding for Non–T2A Interconnection Agreements*, Docket No. 30459, Order No. 19 Ruling on Threshold Briefs (Sept. 2, 2005). The arbitrators noted that an earlier determination concluded that the PUC had no authority to order the additional UNEs requested by UTex because they were not affected by the new FCC orders and therefore could not be addressed through the change-of-law proceeding initiated by AT & T under the applicable provision in the 2000 ICA *See id.* at 7–8 (referencing *Petition of El Paso Networks, LLC for Arbitration of an Interconnection Agreement with Southwestern Bell Telephone Company*, Docket No. 28821).

UTex appealed the arbitrator's Final Award to the full PUC Commission on April 10, 2006, which appeal was granted in part and denied in part by the PUC's May 31, 2006 Order on Reconsideration of

---

**3.** The petition was styled, *"Petition of SBC Texas for Post–Interconnection Dispute Resolution in a Consolidated Change of Law Proceeding to Conform Texas 251/252 Interconnection Agreements to Governing Law"* and docketed by the PUC as Docket 30459, later restyled, *"Petition of SBC Texas for Post–Interconnection Dispute Resolution in a Consolidated Change of Law Proceeding for Non–T2A Interconnection Agreements."*

**4.** The FTA provides a list of conditions that a subset of ILECs—the former Regional Bell Operating Companies ("RBOCs")—must satisfy to receive authorization to see long-distance service. *See* 47 U.S.C. § 271. AT & T is an RBOC. *See id.* at § 153(4)(A). These conditions require the FCC to consult with the relevant state commission before ruling on any application for long-distance authority. *See id.* at § 271(d)(2)(B). To enable such a consultation, AT & T filed a draft application with the PUC in March 1998. *See* Memorandum Opinion and Order, *Application by SBC Communications, Inc., et al., Pursuant to Section 271 of the Telecommunications Act of 1996 to Provide In–Region, Inter LATA Services to Texas*, 15 FCC Rcd. 18354, ¶ 12 (2000) ("Texas 271 Order").

As part of its review of AT & Ts draft application, the "Commission invited [AT & T] and interested competing carriers to participate in a series of collaborative meetings and workshops and technical conferences, known as the 'Texas 271 Collaborative Process.'" *Id.* at ¶ 13. A result of the Texas 271 Collaborative Process was the development and adoption of a model interconnection agreement (the "T2A"). *See id.* The T2A can be adopted into any new interconnection agreement under an expedited process.

Public Utility Commission of Texas. UTex filed its complaint in this Court on July 21, 2006.

### Analysis

■ UTex's Second Supplemental Complaint filed December 14, 2007, alleges that (1) the 2000 ICA between UTex and AT & T is "missing" certain provisions for preordering, order, provisioning, and using UNEs that have always been allowed by the FCC; (2) the FCC roles changed between 2003 and 2005 to allow AT & T, pursuant to the change-of-law provision of the 2000 ICA, to eliminate or modify some of AT & T's UNE obligations as set for in the 2000 ICA; (3) AT & T exercised its right to modify it obligations through a proceeding before the PUC (Docket No. 30459); (4) UTex requested that it also be allowed to add those missing provisions in that proceeding; and (5) the PUC denied UTex's request Unlike the terms AT & T sought to modify, however, the missing provisions UTex requested to have added were available at the time the 2000 ICA was negotiated and finalized.

■ Not unlike *Millennium One Communications, Inc. v. Public Util. Comm'n of Texas*[5], this case involves the interpretation of an existing interconnection agreement between UTex and AT & T. Section 252(a)(1) of the FTA provides in pertinent part that "an incumbent local exchange carrier may negotiate and enter into a binding agreement with the requesting telecommunications carrier or carriers without regard to the standards set forth in subsections (b) and (c) of section 251." 47 U.S.C. § 252(a)(1). Thus, ILECs and CLECs may agree to whatever terms they wish in their fully negotiated interconnection agreement without regard to the fed-

eral standard. *See Conserv Ltd. Liab. Corp. v. Southwestern Bell Tel. Co.*, 350 F.3d 482, 485 (5th Cir.2003). There has been no change in the FCC rules that would allow UTex to seek a modification of the 2000 ICA through the change-of-law provision in the 2000ICA urged by AT & T before the PUC in Docket No. 30459. UTex must seek to renegotiate the terms of the 2000 ICA with AT & T.[6]

### Conclusion

The Court concludes that the PUC did not act arbitrarily and capriciously when it determined that UTex's request to add missing provisions was outside the scope of the proceedings initiated by AT & T under the change-of-law provision of the 2000 ICA. In accordance with the foregoing:

**IT IS ORDERED** that the PUC's September 2, 2005 Order No. 19 Ruling on Threshold Briefs in Docket No. 30459 is **AFFIRMED**.

**IT IS FINALLY ORDERED** that all further relief not expressly granted is **DENIED**.

### FINAL JUDGMENT

Before the Court is the above-styled cause of action. On September 26, 2007, 514 F.Supp.2d 963, the Court rendered a Memorandum Opinion and Order dismissing without prejudice Counts One through Seven and Ten through Sixteen of Plaintiff UTex Communications Corporation's First Amended Complaint and ordering Plaintiff to file a Second Amended Complaint to include only Counts Eight and Nine. Plaintiff filed its Second Supplemental Complaint on December 14, 2007, in accordance with the Court's order. Following a bench

---

**5.** 361 F.Supp.2d 634 (W.D.Tex.2005), *aff'd,* 170 Fed.Appx. 902 (5th Cir.2006).

**6.** UTex's related arguments are that the PUC violated the FTA and the Texas Utilities Code

by refusing to entertain UTex's proposals. If UTex is unable to add the missing provisions through AT & T's proceedings before the PUC, then there is no violation on the PUC's part for refusing to entertain UTex's request.

trial on Plaintiff's remaining claims, the Court rendered Findings of Fact and Conclusions of Law on this date affirming the Order of the Public Utility Commission of Texas. Accordingly,

**IT IS ORDERED** that the Public Utility Commission of Texas's September 2, 2005 Order No. 19 Ruling on Threshold Briefs in Docket No. 30459 is **AFFIRMED.**

**IT IS FURTHER ORDERED** that all other relief requested is **DENIED.**

**IT IS FINALLY ORDERED** that this action is hereby **CLOSED.**